THE STATE OF VERMONT *v.* ROYAL S. CARR, AND AUSTIN J. LOOMIS.

*Criminal Law.    Confessions.    Evidence.*

The respondent, under the influence of inducements held out by the officer and an assistant, who made the arrest, made confessions to the latter. Five hours§later, and on being told by the state's attorney that he must not expect any favor in consequence of a confession; that he was under no obligation to make one unless he chose to, he made a second confession. *Held,* that the second confession was admissible as evidence, and it will not be presumed to have been made under the influence of the previous inducements.

INDICTMENT for the murder of Mary E. Loomis at Worcester. Plea, the general issue.

The government proved that an inquest was held upon the body of the said Mary E. Loomis, and the justice of the peace before whom it was held, issued a precept for the arrest of the respondent Carr, and the same was delivered to O. L. Watson, the constable of Worcester, who took with him one A. C. Crain, and arrested Carr, and brought him with them to Worcester.

The government proposed to show by Watson and Crain that the respondent Carr made certain confessions after being arrested, and while riding with them and after arriving at Worcester. To this the respondent's counsel objected, claiming that said confessions were extorted by threats, and made under inducements of favor held out to him prior to and at the time when said confessions were made. And to sustain the objection the respondent's counsel assumed the examination of the witnesses Crain and Watson, whose testimony on this subject was addressed to the court, and was substantially that they told him that he would have a " steady home ;" that there was no use in denying it, he had better own it up and tell the truth; that there were others connected with him, and he had better tell who—the public would have a better opinion of him.   In a subsequent conversation Crain represented to him that he would befriend him. George Carr, a brother of the respondent, was present a part of the time and testified that Crain told the respondent, " You can turn state's evidence and get clear ; that is the best thing you can do." This was about four or five o'clock in the afternoon.

The counsel for the respondent, before the confession was given in

evidence, gave evidence tending to prove, (and there was no proof offered by the government to contradict it,) that the respondent, Carr, was a person of feeble intellect; that he could neither read nor write; that he was mild and peaceable in disposition, and was *incapable of engaging* in business or the ordinary pursuits of life, but worked out some for wages, and in some instances made bargains relating to his labor. But it was not claimed in any stage of the trial, that the respondent was so low in mental capacity as to be incapable of committing the crime, nor did the proof in the opinion of the court go to that extent.

It appeared that after the interview between the respondent, Carr, and Crain, the state's attorney was sent for, and had an interview with Carr not far from nine o'clock in the same evening, and the government proposed to show that Carr made a further confession in the parlor of the tavern somewhere from nine to ten o'clock, in the presence of the state's attorney and others. This was objected to by the respondent's counsel, for the reason that the threats and inducements made and held out to the respondent were still operating upon his mind. The government proposed to show by the testimony of the constable, O. L. Watson, that the respondent had been cautioned. The court took the testimony of Watson, which was as follows:

"Not far from nine o'clock, on Wednesday night, it might have been ten o'clock, I was in the parlor, and Heath, (state's attorney,) told Carr if he wanted to make a confession he could do so, but he must not expect any favor. Cyrus Brown then told him (Carr) that he was not obliged to make a confession unless he chose to; that he was not obliged to tell anything to criminate himself. Deacon Abbott told him (Carr) that if he was going to tell anything to tell the truth—to tell it just as it was."

The respondent offered no further evidence to sustain his objection. Whereupon the court over-ruled the objection,—to which the respondent excepted.

The witness Watson then proceeded, under examination by counsel for the government, and related the confession of Carr, which was in substance, that he took part in the assault upon said Mary E. Loomis, and stated what he did, and what he saw Austin Loomis do.

There was evidence, among other things on the part of the state,

State *v.* Carr et al.

tending to show when and where and the circumstances under which the deceased was found dead.

It appeared on cross-examination of some of the government witnesses, without objection, that a short time before either of these confessions, the same afternoon, Carr was introduced by the state as a witness before a jury of inquest, in relation to the death, and testified that he knew nothing about the matter.

There was some other evidence against Carr, but of a circumstantial character.

Trial by jury, September Term, 1863, PECK, J., presiding. Verdict as to Loomis, not guilty; as to Carr, guilty of manslaughter.

*H. W. Heaton,* for the respondent.

I. It is well settled in this state, "that a confession must never be received in evidence when the respondent has been influenced by any threat or promise." *State* v. *Jenkins,* 2 Tyler, 377; *State* v. *Phelps,* 11 Vt. 116; *State* v. *Walker,* 34 Vt. 296.

II. It is evident that the threat and promise made to the respondent induced him to make the confession to Crain in the dining-room, and the confession made in the parlor, within a few hours after, is *presumed* to have come from the same motive or influence as the first, and if so it was improperly admitted in evidence. Wharton's American Cr. Law, book 11 § 694; 2 Russell on Crimes, 598; *Regina* v. *Hewett,* 41 E. C. L. 291; *State* v. *Roberts,* 1 Devereaux, 259; *Peter* v. *State,* Smedes & Marsh, 31; *Crun* v. *Harman,* 4 Burr. 269; *State* v. *Guild,* 5 Halst. 163.

III. It must be clear that the respondent fully understood the *warning* or what was said to him in the parlor; and he must have been informed that he was not bound by the confession previously made, before the confession then made can be used in evidence against him. Wharton's American C. L. § 694; *Van Broen* v. *State,* 24 Miss. 512.

And in determining this it is proper to have reference to the understanding and capacity of the respondent. *Mathews* v. *Clark,* 2 Aik. 209; *Brackett & Wife* v. *Wait et al.,* 6 Vt. 411.

IV. Confessions should be received with great caution. *U. S.* v. *Nott,* 1 McLean, 499.

*C. H. Heath*, state's attorney, for the prosecution.

I.   The question of the admissibility of the confession is a question not properly before the court.   *State* v. *Walker*, 34 Vt. 296.

II.   The so called inducements held out to Carr were not such as to exclude his confession as he was only urged to tell the truth, and what he said he said voluntarily.   Roscoe's Crim. Ev. 28 ; 1 Greenleaf Ev. § 215 ; 2 Russell on Crimes, 592.   Nor were the supposed inducements offered by a person in authority.

III.   The witness Crain had no authority over the respondent and no right to make any promises.   *State* v. *Wentworth*, 37 N. H. 196 ; Wharton's Cr. Law, § 692 and cases there quoted.

IV.   An inducement held out does not necessarily exclude a confession, but the true inquiry is, was there any such inducement held out, so operating on the mind of the respondent as to render it probable that the confession is untrue.   29 Penn. St. Rep. 429.

KELLOGG, J.   The respondent, after verdict, filed a motion in arrest for the insufficiency of the indictment.   No defect in the indictment has been suggested on the argument, and nothing appears in the exceptions which would warrant the conclusion that it was not applicable to the case made by the evidence on trial.   As the grounds upon which the indictment is claimed to be defective have not been stated by the respondent's counsel, we find no reason to question its sufficiency ; and it seems to be sufficient both in form and certainty of allegation, and to follow approved precedents.   Wharton's Precedents of Indictments and Pleas, 145, 146, 148.

The principal inquiry in this case is whether the evidence of the confessions of the respondent was properly received.   The value of any confession as evidence of guilt depends on its being voluntary, and the material inquiry is whether the confession has been obtained by the influence of hope or fear applied by a third person to the prisoner's mind.   The law of the subject having been fully reviewed and considered in the recent case of *State* v. *Walker*, 34 Vt. 296, it is unnecessary to review at any length the principles settled by that case.   The evidence detailed in the bill of exceptions in respect to the inducements under which the confession made by the prisoner to Watson, the constable, and Crain, his assistant, were elicited, was

State *v*. Carr et al.

undoubtedly sufficient to exclude that confession on the ground that it was prompted by the influence of a hope of some advantage or benefit to be derived from the making of it. But that confession was not given in evidence, and the confession which was introduced and received as evidence was made some five hours after the making of the confession to Watson and Crain, and after the prisoner had been told by the state's attorney that he must not expect any favor in consequence of making a confession, and after he had also been told that he was under no obligation to make any confession unless it was his choice and desire to make it. It is now claimed on behalf of the prisoner that it is to be presumed that the influence of the previous inducement continued, and that in order to make the second confession admissible as evidence, the respondent should have been informed that no use of his previous confession could be made against him. It is clear, as we think, that the language used by the state's attorney to the prisoner would remove from the mind of any person capable of understanding plain and simple speech any reliance which he might have placed upon an assurance of favor ; and no question can be made in respect to the admissibility as evidence of the confession which followed on the ground that it was made under the influence of inducements then held out. If the previous inducements ever had any influence on the prisoner, we think that the evidence fairly warrants the conclusion that, at the time of making the confession which was given in evidence, he clearly understood that he had no right to expect any favor in consequence of making the confession. In regard to his alleged want of intelligence or intellect, it is to be presumed that the county court gave such instructions to the jury, in respect to the consideration and effect which should be given to the confession, as the evidence called for. No exception was taken to the charge on that ground. The admission of the confession as evidence was a question addressed to the discretion of the court, and the testimony stated in the bill of exceptions suggests no reason to doubt that this discretion was properly exercised in receiving the confession as evidence.

Exceptions overruled and respondent sentenced.