THE STATE v. BROWN, *Appellant.*

1. **Criminal Law**: CONFESSIONS. When a confession has once been obtained by means of hope or fear, other confessions subsequently made are presumed to come from the same motive, and are inadmissible until it is shown that the original influence had ceased to operate before they were made.

2. **Larceny**: BURGLARY. Larceny committed in the commission of burglary is grand larceny irrespective of the value of the property stolen; but where the indictment alleges the value to have been $10, there can be no conviction of grand larceny, if the defendant is acquitted of the burglary.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED.

*A. L. Thomas* for appellant.

*D. H. McIntyre*, Attorney General, for the State, cited as to the admissibility of the confession made to Proctor, *State v. Jones*, 54 Mo. 478; *Sarah v. State*, 28 Ga. 576; *State v. Carlisle*, 57 Mo. 104, 105; *State v. Simon*, 50 Mo. 372.

HENRY, J.—At the December term, 1879, of the Jasper circuit court, the defendant was indicted for burglary and larceny, tried, convicted and sentenced to three years' imprisonment in the penitentiary for the burglary, and two years for the larceny. He has appealed from the judgment.

At the trial, the State introduced as a witness S. H. Proctor, who testified that in October, 1879, he was acting as an officer for the sheriff, (deputy we infer,) and was present at Sarcoxie on the day that there was a preliminary investigation of the charge against the defendant, before Jonas Prigmore, a justice of the peace; that after the defendant was committed, he was delivered to the witness to be taken to the jail at Carthage, and while on the train confessed his guilt to the witness. He also testified that he made no threats or promises to the prisoner to induce him to make the confession. Defendant then offered to prove by one Jacobs, that he was present in the justice's court when defendant was examined on the charge, at Sarcoxie, and that there were also present the justice, Prigmore, the constable, Fewell, and Jno. McKoy, and that said parties told the accused it would be better for him to tell all about the taking of the wheat, and promised him, if he would, that they would execute a bond in the sum of $1,000, conditioned that defendant should not be prosecuted, and on his agreeing to do so, prepared a bond, signed it and asked witness to sign it, which he did, and thereupon accused confessed his guilt, and was, on the same day, delivered into the custody of Proctor to be carried to jail. It does not appear that Proctor was present when that confession was procured, or had any knowledge of the inducement held out to the prisoner to procure it. The evidence offered was excluded.

It is well settled law, that a confession must not be received when the accused has been induced by any threats or promises to make it; "and when a confession has once

been obtained by means of hope or fear, confessions sub-sequently made are presumed to come from the same motive, and are inadmissible, though no such influences are shown,' until it is shown, " that such original influences have ceased to operate." Wharton's Am. Crim. Law, Book 11, § 694; Russell on Crimes, 2 vol., 833; *State v. Carr*, 37 Vt. 191; *State v. Roberts*, 1 Devereux 259; *Regina v. Hewett*, 41 E. C. L. R. 291; *s. c.*, Carr. & Marsh. 534. In the case of *Venable v. Com.*, 24 Gratt. 639, cited by the Attorney General in support of the ruling of the circuit court, it appeared that before the last confession of the prisoner was made, he was warned, both by his counsel and the police, against making any statement, and it was, therefore, held admissible. In *Maples v. State*, 3 Heiskell, 409, the prisoner was told by the arresting party : " We know that you are not at the head of this, and if you will tell all about it, it will be best for you, and may release you ;" and on the next day he went to a witness who did not have charge of him, and said he wanted to make a confession, when he was told that he could not be compelled to tell, and if he did, he must do it voluntarily, and that his statement would be evidence against him. He persisted in making the confession, and it was held to be admissible against him. In the *State v. Carr*, 37 Vt. 191, it was shown that after the promise made to the accused to induce him to confess, the State's attorney told him if he wanted to make a confession he could do so, but must not expect any favor for making it. A confession made after this warning, was received in evidence. All these cases recognize the principle announced by Wharton and Russell, and the cases previously cited, and are distinguishable from the case at bar in that, in each of them, the accused was warned before he made it, of the consequences of the confession, and it was made after the influence of the hope or fear, previously excited, was removed. The hope or fear first excited by a promise or a threat, is presumed to continue until it appears that such original influence has ceased to operate. Here nothing

appears to show that such original influence had ceased to operate, but on the same day, within a few hours after the bond was executed and after the defendant's committal, without any admonition whatever, the confession was made; and no authority can be found to sustain its admissibility as evidence under such circumstances.

It is unnecessary to notice any of the other alleged errors, except that which occurred in the instruction given by the court, of its own motion, as to the value of property which makes its theft grand larceny. The indictment charged a burglary and the theft of a quantity of wheat of the value of $10. If the accused was guilty of both the burglary and larceny charged, the value of the goods stolen was immaterial, and there was no necessity for any instruction with respect to grand larceny. If acquitted of the burglary, he could not have been legally convicted of grand larceny, because the property he was charged with having stolen, was alleged to be worth only $10. The judgment is reversed and the cause remanded. All concur.