BLAIR *v.* STATE.

Opinion delivered October 19, 1901.

1. EVIDENCE—DIAGRAMS.—The exclusion of diagrams shown to be correct is not prejudicial error where other testimony was sufficiently explicit to enable the jury to understand clearly what the diagrams were intended to show. (Page 559.)

2. HOMICIDE—EVIDENCE—FORMER ASSAULT.—Where the defendant in a murder case had committed an assault on a third person which caused the deceased to make remarks offensive to defendant, and the latter testified that he went to deceased's room for the purpose of explaining why he had made the assault, and that while there a rencounter occurred in which he slew deceased, it was not error to refuse to allow him to prove why he made the previous assault. (Page 560.)

3. EVIDENCE—RES GESTAE.—Statements of defendant made an indefinite time after the killing, and after defendant had gone a distance of one hundred and twenty-five yards from the scene of the killing, are inadmissible as part of *res gestae.* (Page 560.)

4. SAME—ORDER OF ADMISSION.—It is in the discretion of the circuit court to permit the state to introduce original evidence in rebuttal after defendant has closed his testimony. (Page 560.)

5. HOMICIDE—INSTRUCTION—PROVOCATION.—It was not error to refuse to instruct that, although the defendant went to the room of deceased for the purpose of bringing on a difficulty, and such difficulty was brought on by defendant, and such fight ensued, still, if deceased engaged in such fight with a chair, the same being a deadly weapon, or one calculated to inflict great bodily injury upon the defendant, and defendant, after being set upon with a chair, drew his pistol and fired the fatal shot, he should be acquitted of murder in the second degree. (Page 561.)

6. INSTRUCTION—CREDIBILITY OF DEFENDANT.—*Vaughan* v. *State,* 58 Ark. 353, as to the credibility of accused as a witness for himself, approved. (Page 561.)

7. SAME—WHEN ERROR CURED.—The error of giving a misleading instruction may be neutralized by other instructions given. (Page 561.)

Appeal from Newton Circuit Court.

E. G. MITCHELL, Judge.

*De Roos Bailey* and *Pace & Pace,* for appellant.

The evidence does not sustain the verdict. The court erred in not allowing the diagram to be introduced in evidence. Rice, Ev. (Cr.) 154; Rice, Ev. (Civil) 170, 1171; 6 L. R. A. 768; 4 *id.* 21, 22; 45 N. Y. 224; 125 N. Y. 147-8; 106 N. Y. 603. The discretion of the trial court as to the admission or rejection of such evidence is reviewable. 82 N. Y. 41; 83 N. Y. 464; 106 N. Y. 598; 118 N. Y. 88; 125 N. Y. 147. The court erred in not admitting evidence as to appellant's statements made directly after the killing. These statements were admissible as part of the *res gestae.* 43 Ark. 104; 2 Bing. 99; 1 Q. B. 61; 29 Tex. 201; 30 Tex. 619; 60 S. W. 143; Whart. Cr. Ev. § 262. It was error to admit, on rebuttal, evidence confirmatory of the state's contentions in the original case. 3 Rice, Ev. § 218. The court erred in refusing to give the twenty-third instruction asked by appellant, as to voluntary manslaughter. 9 S. W. 567; *id.* 573; 25 L. R. A. 746. The court also erred in giving the thirteenth instruction asked by the state, as to the weight to be attached to defendant's evidence in his own behalf. 58 Ark. 353; 61 Ark. 88. The court erred in giving the tenth instruction. 67 Ark. 594; 41 S. W. 1044.

*G. W. Murphy, Attorney General,* for appellee.

It was not error to reject evidence as to appellant's statements after the killing. 66 Ark. 494. The thirteenth instruction was correct. 58 Ark. 353; 61 Ark. 88.

BATTLE, J. John Blair was indicted in the Boone circuit court for murder in the first degree, committed by killing Charles Miller. The venue was changed to Newton county. He was tried there, and convicted of murder in the second degree; his punishment was assessed at thirteen years in the penitentiary; judgment was rendered accordingly; and he appealed to this court.

He assigns eight reasons why the judgment of the circuit court should be reversed:

*First.* He says it is not sustained by evidence. We have carefully read the testimony of witnesses contained in the bill of exceptions filed in the case, and find it sufficient to sustain the verdict of the jury.

*Second.* He insists that the court erred in not permitting him to introduce a plat or diagram of the room where the killing occurred, and in refusing to permit a witness to explain his testi-

mony by setting a table against a wall to represent the bed in the room where the deceased was killed and show where the balls fired from the appellant's pistol at the time of the killing struck the wall with reference to the bed. Such diagrams and illustrations, when shown to be correct, are admissible for the purpose of explaining the testimony of witnesses. But the exclusion of them in this case was not prejudicial, because the testimony of witnesses was sufficiently full and explicit to enable the jury to clearly understand what the diagram and the table were intended to show.

*Third.* He contends that the court erred in not permitting him to read as evidence the deposition of Aurora Smith, and in refusing to permit Annie Davis, Dennis Heflin and Loyd O'Daniels to state what he expected to prove by them. By the testimony of these witnesses he sought to prove the cause of his assault upon some one, who was not the deceased, which occurred several days before the killing of Charles Miller. It seems that the deceased had made remarks about such assault which were offensive to the appellant. He was allowed to testify that he visited the room of the deceased for the purpose of explaining to the deceased why he had made said assault, and while there a rencounter occurred in which he slew the deceased. The testimony that was offered and excluded was incompetent. It could not have thrown any light upon what occurred at the time of the killing, and was not admissible for the purpose of showing an excuse or palliation.

*Fourth.* He says that the court erred in refusing to admit the testimony of George Dillsworth, James Gibson, Lee Martin and Joe Weaver, as to statements made by him at the Deshazo saloon soon after the killing. The saloon was a little more than one hundred and twenty-five yards from the place of the killing. How long after the killing the statements were made the testimony offered does not show. The statement was to the effect that Miller struck appellant over the head, and that appellant shot him. This testimony was not admissible as a part of the *res gestae,* according to the rule laid down in *Little Rock Traction & Electric Company* v. *Nelson,* 66 Ark. 494, and cases cited therein.

*Fifth.* He insists that the court erred in permitting the state to introduce original evidence in rebuttal, after the close of his testimony. Assuming that it was original, it was within the discretion of the court to admit it; and this discretion does not appear to have been abused. *Evans* v. *Rudy,* 34 Ark. 383.

*Sixth.* He contends that the circuit court erred in refusing to instruct the jury as asked in instruction numbered 23, which is as follows: "Although you may believe that the defendant, John Blair, went to the room of Charles Miller, deceased, for the purpose of bringing on a difficulty and fighting said Charles Miller, and that such difficulty was brought on by the defendant, and that such fight ensued, still, if you believe from the evidence that the deceased, Miller, engaged in such fight with a chair, the same being a deadly weapon, or one calculated to inflict great bodily injury upon the defendant, and that defendant, after being set upon with a chair, drew his pistol and fired the fatal shot, you will acquit the defendant of the charge of murder in the second degree." This request is not a correct statement of the law in this case, and the court did not err in refusing it. *Stanton* v. *State,* 13 Ark. 317, 325; *Palmore* v. *State,* 29 Ark. 265; *Ex parte Nettles,* 58 Ala. 268; *Slaughter* v. *Com.* 11 Leigh, 681; 1 Wharton, Criminal Law (10th Ed.), § 476.

*Seventh.* He says the court erred in giving an instruction in words as follows: "The court instructs the jury that under the law the defendant, John Blair, has the right to testify in his own behalf, but the credibility and weight to be given his testimony are matters exclusively for the jury. In weighing the testimony of the defendant in the case, you have a right to take into consideration his manner of testifying, the reasonableness or unreasonableness of his account of the transaction, and his interest in the result of your verdict, as affecting his credibility. You are not required to receive blindly the testimony of the accused as true, but you are to consider whether it is true, and made in good faith, or only for the purpose of avoiding conviction." Such instructions have been repeatedly held by this court to be correct. *Vaughan* v. *State,* 58 Ark. 353; *Jones* v. *State,* 61 Ark. 88; *Hamilton* v. *State,* 62 Ark. 506.

*Eighth.* He contends that the court erred in instructing the jury as follows: "Justifiable homicide is the killing of a human being in necessary self-defense, or in defense of habitation, person or property, against one who manifestly intends or endeavors by violence or surprise to commit a known felony. A bare fear of the offense, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable person, and that the party killing really acted under

their influence and not in a spirit of revenge." He says: "The vice in this instruction consists in the fact that the jury were instructed that, before the defendant would be justified in killing Charles.Miller, it must appear that the circumstances were sufficient to excite the fears of a reasonable person. This sets up an ideal person as a standard, and every defendant must be tried by this standard whether he is the ideal person or not. We think that the correct rule is that a person is justified in acting in his necessary self-defense when the circumstances surrounding him at the time are sufficient to excite his fears, whether he is a person that reaches this ideal standard or not." Assuming that this criticism is correct, but not deciding to that effect, the vice complained of was cured by the instructions given and numbered 25 and 26.

We find no prejudial error in the proceedings of the circuit court.

Judgment affirmed.