BRUCE *v.* STATE.

Opinion delivered July 6, 1903.

INSTRUCTION—REASONABLE DOUBT.—Where the defendant in a criminal case asked the court to give instructions upon reasonable doubt which were not wholly correct, but which were sufficient to call the court's attention to the necessity of some instruction upon reasonable doubt, the court's failure to give any instruction on the subject is prejudicial error.

Appeal from Conway Circuit Court.

JEPTHA H. EVANS, Judge, on exchange of circuits.

Reversed.

*Sellers & Sellers,* for appellant.

It was error to give abstract instructions. 54 Ark. 336; 41 Ark. 382; 42 Ark. 57; 22 S. W. 160; 2 Ark. 308; 16 Ark. 651; 69

Ark. 380; 63 Ark. 108, 177. The instructions deprived the appellant of the benefit of a reasonable doubt. 66 S. W. 184, 1101; 66 Ark. 449; 64 S. W. 270, 965; 36 S. W. 645; 55 S. W. 896; 20 Ark. 166; 38 S. W. 488; 62 Ark. 478; 58 Pac. 860; 56 Pac. 848; 57 Pac. 647; 33 Am. Dec. 463; 30 S. W. 998; 74 Miss. 780; 73 Miss. 873; 62 N. J. L. 456; 119 N. C. 793; 17 Mo. 456. If the patient dies from erroneous treatment, the death will be attributed to the treatment. 1 Whar., Cr. L. (8th ed.), § 157; 2 Bish., Cr. L., § 639; 14 Grat., 592; 65 S. W. 92. The wound must either cause, contribute to, or accelerate the death. 28 Ark. 160; 50 Ark. 547; 60 Ark. 80; 40 Ind. 520; 78 Ky. 260; 14 So. 327; 1 Clark, Cr. L., 482. Instruction No. 5 was erroneous. 58 Ark. 544. The evidence must show that death resulted from the cutting. 50 Ark. 545.; 42 S. W. 1127; 61 S. W. 205; 47 S. W. 891.

*George W. Murphy, Attorney General,* for appellee.

Hughes, J. Appellant, Chester Bruce, was tried in the Conway circuit court upon an indictment charging him with manslaughter, by stabbing and cutting one Millage Gordon.

Appellant interposed two defenses at the trial: that he acted in self-defense, and that the wounds inflicted by him did not cause Gordon's death.

In this case the appellant was tried upon a plea of not guilty for manslaughter alleged to have been committed by stabbing and cutting one Millage Gordon.

The defendant interposed the plea of self-defense, and also that the wounds inflicted by him did not cause Gordon's death. He was convicted of manslaughter, and sentenced to two years' confinement at hard labor in the penitentiary. He excepted and appealed, and brings up the record by bill of exceptions.

The defendant contended that the death of Gordon was caused by pneumonia. There was some evidence tending to show that the deceased had pneumonia at the time of his death.

The court gave to the jury eight instructions as to the law in the case, among them the following:

"If defendant inflicted a dangerous knife wound on the body of Gordon, and such knife wound caused the death of Gordon, defendant is said in law to have killed Gordon, and in such case it would make no difference that by proper care and treatment of physicians and nurses he would have recovered, and that such treatment was wanting."

"If the jury find from the evidence that the defendant wilfully and unlawfully inflicted upon Gordon a mortal or dangerous wound, and from that wound and other aggravating causes, operating upon or caused by said wound, Gordon died, they should find defendant guilty of manslaughter; and in such case the defendant can not, under the law, shelter himself by a plea of erroneous treatment of said Gordon, either from his physicians or nurses."

"If the wound inflicted by defendant on Gordon, if he did inflict one, caused or aggravated pneumonia, and pneumonia caused Gordon's death, then the wound in law caused the death of Gordon."

Though otherwise unobjectionable, they are obnoxious to the objection that the jury are not instructed to find beyond a reasonable doubt. In none of the instructions given by the court is there any instruction upon reasonable doubt.

The defendant asked the court to give instructions upon reasonable doubt, which were sufficient to call the court's attention to the necessity of some instruction upon reasonable doubt. The court's failure to instruct on reasonable doubt was error.

Though these instructions asked by the defendant were not entirely correct, in that they might have misled the jury, yet we think that, under the circumstances in this case, there was error in the instructions given, in that they failed to include that the jury must find beyond a reasonable doubt. Section 2228 of Sandels & Hill's Digest provides that "when the evidence is concluded, the court shall, on motion of either party, instruct the jury on the law applicable to the case." Section 2333, *Ib.,* provides that "where there is a reasonable doubt of the defendant's guilt upon the testimony in the whole case, he is entitled to an acquittal."

For the error indicated the judgment is reversed, and the cause is remanded for a new trial.