## GALLAHER v. STATE.

### Opinion delivered April 7, 1906.

1.  CONTINUANCE—DISCRETION OF COURT.—The refusal of a postponement in a case on account of the absence of a witness is a matter in the sound judicial discretion of the trial court, for which a reversal can only be had when it appears that there is an arbitrary abuse of discretion. (Page 301.)

2.  SAME—ABSENCE OF WITNESS.—No abuse of discretion is shown in refusing a continuance on account of the absence of a witness where the testimony of such witness would have been cumulative, and would have tended to prove an immaterial issue. (Page 301.)

3.  INSTRUCTION—APPLICABILITY TO EVIDENCE.—Refusal of an instruction to the effect that certain evidence might be considered as tending to disprove an admitted fact was not error. (Page 301.)

Appeal from Benton Circuit Court; *James A. Rice*, Special Judge; affirmed.

*Walker & Walker*, for appellant.

1.  It was prejudicial to defendant to require him to testify to having, 18 months before the alleged offense for which he was on trial, bought a sack of sugar from the same Reed, there being no evidence that it was stolen sugar.

2.  Whether or not defendant was a partner in the firm of Gallaher & Cunningham and financially interested therein was a proper circumstance to go to the jury, along with all other facts and circumstances in evidence, as tending to prove whether or not

he received the property knowing it to be stolen. It was therefore error on the part of the court in its 4th instruction to charge the jury that it was immaterial whether or not defendant was such partner, and that the fact that he was not a partner was no defense; and it was error to refuse the 12th instruction prayed for by defendant.

3. Being surprised by testimony introduced by the State to the effect that defendant's father had stated to witnesses that he (defendant) was a member of the firm of Gallaher & Cunningham, defendant at the time asked for a subpoena for the father, and asked the court to hold the case open until 6 o'clock of the same day, when the father could reach the scene of trial and testify, and stated that the father would testify that he had had no such conversation with the witnesses.

Defendant acted promptly, made known the surprise, and asked for the postponement (55 Ark. 567), and the court should have granted it. The testimony of the father was not merely cumulative. 103 Ind. 142; 5 Am. Crim. Rep. 469.

*Robert L. Rogers, Attorney General,* for appellee.

1. The evidence is sufficient to sustain the verdict. That defendant bought the sugar for an inadequate price late at night from one not a dealer therein, with wholesale grocery stores near his establishment; that it was delivered at night, and defendant came to his store on Sunday morning and moved it inside the store—are circumstances inconsistent with innocence.

2. The gist of the offense is receiving the property, knowing it to be stolen, and it is no defense that defendant did not receive or expect a benefit. 117 Mass. 141; 69 N. C. 29.

HILL, C. J. Gallaher was convicted of knowingly receiving stolen property. Without going into the evidence, it is sufficient to say that it was ample to sustain the verdict. Errors are assigned in the instructions, but the court fails to find any departure from established precedents.

Gallaher purchased the property at night for a greatly reduced price of one Reed, who has pleaded guilty to stealing it. The property (ten sacks of sugar) was placed in stock in the store of Cunningham & Gallaher. Two witnesses for the State testified that Samuel Gallaher, father of the appellant, stated that

the appellant was a member of the firm of Cunningham & Galla-her. Cunningham, the other member of the firm, also a State's witness, testified that Samuel Gallaher, and not the appellant, was the member of the firm. The appellant claims that he was sur-prised at the evidence to the effect that he was a member of the firm, and asked a postponement of the cause to enable him to get his father from an adjoining county as a witness to contradict these statements. The court refused the postponement. This is a matter in the sound judicial discretion of the trial judge, and for which a reversal can only be had when it appears that there is an arbitrary abuse of discretion. Such is not the case here. The appellant had the benefit of his own testimony and the other member of the firm, and the latter accredited by the State as her own witness, and his father's testimony would have been merely cumulative. The testimony did not go to the gist of the case; the appellant, according to his own statement, managed and controlled the business for his father; and as his interest in the store, and consequently the purchase of goods therefor, only went to furnish a possible motive, it can not be said that his interest as manager and representative of his father was much less than as partner. The issue of fact was an unimportant one, and the action of the court was not arbitrary in refusing a continuance to enable appellant to fortify his other evidence.

Error is assigned to the court refusing this (the 12th) instruction: "I charge you that if you find from the evidence that the defendant, Hugh Gallaher, was not a partner in the firm of Gallaher & Cunningham, and had no financial interest in their business, then the jury would be authorized to consider this fact, together with all the other evidence and circumstances testi-fied to and before you in evidence, as tending to prove whether or not the defendant received the sugar alleged to have been received, if you find he received it, knowing it to be stolen prop-erty at the time it was received." This instruction was properly refused. Appellant admitted receiving and purchasing the goods, and the inquiry was as to his guilty knowledge, whereas this instruction sought to have considered his interest in the business as evidence tending to prove whether he had received it. If it had been drawn to have pointed out this lack of interest indicat-ing a dearth of motive for purchasing with guilty knowledge, it

might well have been given, and probably would have been; still the point was not important, as before stated, and could have had little, if any, bearing upon the question of appellant's guilt, which was fairly submitted to the jury on abundant evidence.

Questions as to the admissibility of evidence are discussed; but, as they were not raised in the motion for new trial, they were waived.

The judgment is affirmed.

Wood, J., (dissenting.) The twelfth instruction should have been given. In view of the other instructions given by the court, the giving of this was necessary to insure appellant a fair trial. It submitted a vital issue presented by the evidence that would have tended to show a lack of guilty motive without which this offense, like the offense of larceny, was not complete. Certainly appellant had the right to have the jury consider any fact that the evidence tended to prove, which went to the question of his intent. The *lucri causa* was as essential here as in larceny. And the question of whether or not appellant was a partner and had a financial interest in the firm was most pertinent. I also think that the request of appellant to have the cause postponed for the short time indicated under the circumstances was a reasonable and proper request, and should have been granted. The appellant should have been given another trial.