# CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

OCTOBER TERM, 1906.

*(Continued from Volume 201)*

## THE STATE v. TAYLOR, Appellant.

Division Two, March 5, 1907.

1. **PERJURY: Information.** Information charging perjury held sufficient.

2. **———: ———: All Assignments in One Count: Evidence of One.** Where all the assignments of perjury relate to the same transaction, it is proper to join them in one count of the information, and if the evidence sustains one or more of the assignments, that is sufficient.

3. **EVIDENCE: Order of Introduction.** The order of the introduction of evidence is a matter within the discretion of the trial court.

4. **PERJURY: Defendant's Evidence Before Grand Jury: Exemption: Waiver.** In a prosecution for perjury, an objection by defendant to proof of certain evidence given by him before the grand jury, is not tenable, where there is nothing in the record to show that he was compelled to testify against himself, or that he claimed his exemption from testifying.

(1)

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1)   The information, which was duly verified by the affidavit of the assistant circuit attorney, is sufficient in form and substance.   It is fully up to the requirement of the statute; and informations and indictments similar to it have been approved by this court. State v. Cave, 81 Mo. 450; State v. Huckeby, 87 Mo. 414; State v. Walker, 194 Mo. 369; R. S. 1899, secs. 2033, 2039; Kelley's Crim. Law, sec. 821.   It was proper to name in one count all of the false statements with which the defendant was charged, especially as all of said statements related to one transaction.   Cover v. Com. (Pa.), 8 Atl. 196; Hanscom v. State, 93 Wis. 273. (2)   The order of proof and the conduct of the trial is a matter within the discretion of the trial court. State v Thornhill, 177 Mo. 691; State v. Pennington, 124 Mo. 391; State v. Reed, 137 Mo. 134; State v. Linney, 52 Mo. 41.

GANTT, J.—This is a prosecution for perjury begun by the circuit attorney of St. Louis, filing an information duly verified, charging that the defendant was a witness in a certain cause in the circuit court of the city of St. Louis at the April term, 1905, wherein the State of Missouri was plaintiff and Edward Kelleher was defendant, and wherein it was a material issue whether William Taylor had any knowledge or information concerning the shooting of one Thomas Sullivan by the said Edward Kelleher on the night of January 28, 1905, in a saloon known as Walsh's saloon in the city of St. Louis, and whether said William Tay-

lor was present at the time of said shooting and had seen the same, and having been duly sworn by one John Dowdall, the clerk of said court, to testify to the truth, the whole truth and nothing but the truth in said cause, did then and there in said court upon the trial of said cause and before the Honorable Robert M. Foster, the judge thereof, and before the jury empaneled and sworn in said cause, unlawfully, knowingly, wilfully, corruptly, falsely, and feloniously depose and testify among other things that he the said William Taylor did not see the said shooting in said saloon; that he the said William Taylor did not know who fired the shot (meaning the shot that struck and killed the said Thomas Sullivan); that at the time of the shooting (meaning the shooting of the said Thomas Sullivan) he (meaning the said William Taylor) was sitting down in the closet or toilet room next to and in the rear of the saloon (meaning Walsh's saloon where the shooting occurred); that he the said William Taylor did not see Edward Kelleher at the place where the said shooting occurred at the time of said shooting; that he (meaning the said William Taylor) was not with said Kelleher (meaning the said Edward Kelleher) that night at all (meaning the night from January 28th to January 29th, 1905); that he the said William Taylor did not know about the shooting (meaning that he did not know of the shooting and killing of said Thomas Sullivan); that he the said William Taylor did not stand at the bar (meaning the bar in Walsh's saloon) at the corner of Twenty-second and Pine streets, just before the shooting (meaning the shooting of the said Thomas Sullivan); that he the said Taylor did not see the said Thomas Sullivan in that saloon that night, and that he the said William Taylor had not been at Morgan's saloon on Chestnut street between Twenty-first and Twenty-second streets on the night of January 28th to January 29th, 1905, with said Kelleher.

The information then proceeds to negative the truth of the facts to which the defendant testified as above and assigns perjury upon them. The information is in all respects a good and sufficient pleading and conforms to the precedents often approved by this court. The defendant was put upon his trial and convicted of perjury and his punishment assessed at seven years in the penitentiary, at the October term, 1905, of the circuit court of the city of St. Louis. In due time he filed his motions for a new trial and in arrest of judgment, which were heard and overruled, and on the 26th of January, 1906, he was sentenced to the penitentiary for seven years. From that sentence and judgment he appealed to this court. Defendant is not represented by counsel in this court, but as in duty bound we have examined the record.

As already said, the information was duly verified and is sufficient, and all proceedings as to the arraignment of the defendant, empaneling of the jury, and the submission of the cause, and the return of the verdict and the sentence of the court were in due and regular form. The defendant asked no instructions and saved no exceptions to those that were given by the court. An examination of the testimony discloses that all the preliminary or formal matters alleged in the information were proven at the trial. It appears that the defendant was a witness on the trial of Edward Kelleher for murder of one Thomas Sullvan, in the city of St. Louis on the 29th of January, 1905; that Kelleher was tried before Judge Foster in the circuit court of that city on the 17th of May, 1905, and a conviction of murder in the second degree resulted. That at that trial the defendant William Taylor was then and there duly sworn as a witness by the clerk of the said court, and testified in behalf of the defendant Kelleher. He testified that he, the defendant Taylor, and Morrisey and Sellinger, went together that night into Walsh's

saloon in said city and there took a few drinks. That defendant and Morrisey and Sellinger went to the rear of the said saloon into the toilet room; that they were in this room at the time they heard the pistol shot in the front part of the saloon; that defendant was not in the saloon at the time the shooting occurred; that the defendant did not go into said saloon with Edward Kelleher, and did not see, and was not with Kelleher or Sullivan that evening. This testimony in the main was proven by Mr. Zollinger, the official stenographer for Judge Foster's court at that time, and who took down the testimony of the defendant at said Kelleher trial. Without repeating it in detail, it is sufficient to say that the witnesses for the State contradicted the testimony of the defendant and tended to prove that it was wilfully false. Some of the assignments of perjury were more clearly established than others, but there was ample testimony to establish the guilt of the defendant on a number of assignments and on matters which were material to the issue on the trial of Kelleher, and where this is the case, it is proper to join the various assignments of perjury in one count where they all relate to the same transaction, and if the evidence sustains one or more of the assignments, it is not necessary that the State should prove all of the charges. [State v. Gordon, 196 Mo. 185.] An examination of the record discloses that the defendant objected to the order of the proof but it has often been decided by this court that the order in which the evidence is introduced, and the conduct of the trial, is a matter within the discretion of the trial court. [State v. Thornhill, 177 Mo. 691; State v. Reed, 137 Mo. l. c. 134.] There was also an objection lodged to the proof of certain evidence given by the defendant before the grand jury, but there is nothing in the record to show that the defendant was compelled to testify against himself, or that he claimed his exemption from testifying, and accordingly no er-

ror was committed in this respect.   [State v. Faulkner, 175 Mo. l. c. 605, 615.]

Upon the review of the whole record we have been unable to find any reversible error, and the judgment of the circuit court is affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.