HORTON *v.* JACKSON.

Opinion delivered October 19, 1908.

1. LIBEL AND SLANDER—UNAUTHORIZED PUBLICATION.—Where a libelous publication in a newspaper was made over defendants' signatures but without their authority, they will not be held to have ratified the publication by failing to repudiate it. (Page 530.)

2. INSTRUCTION—NECESSITY OF REQUEST.—Appellant cannot complain because the court failed to give a correct instruction on a particular subject if he failed to ask a correct instruction thereon. *Bruce* v. *State,* 71 Ark. 475, overruled. (Page 530.)

Appeal from Pope Circuit Court; *Hugh Basham,* Judge; affirmed.

*U. L. Meade,* for appellant.

Instruction No. 1, requested by appellant, prepared in haste and under the surprise of a defense not indicated in the answer, is subject to criticism, but it was sufficient to call the court's attention to the correct theory of the case and issues to be submitted to the jury, and the court should have given a correct instruction to the jury upon that theory and issue. 71 Ark. 475, and cases cited. It is the law that a notice published in a paper is presumed to have been authorized by those whose names appear as subscribing thereto, and that if the persons whose names appear, as subscribing such notice, discover and read it, they will be held to have ratified it if they do not correct it in as public a manner as the notice was originally made, if it is reasonably within their power to do so. While the appellant must recover, if at all, on the notice as printed, which is libelous *per se,* unless appellees did all that was reasonably in their power to repudiate it, yet the jury were entitled to consider the original notice claimed to have been written and signed by appellees, for what it might be worth in determining whether or not proper

effort was made by appellees to repudiate and correct the published notice. 2 Scott, 642; Odgers on Libel & Slander 5; 4 Moody & R., 312; 5 Mad. 167; Odgers on Libel & Slander, 360; Cooley on Torts, 194; 36 Am. Dec. 251; 38 La. Ann. 161, 58 Am. Rep. 171; 11 Ark. 189; 28 Ark. 59; 50 Ark. 458; 72 Ark. 421; 3 Head (Tenn.) 530; 3 Humph. (Tenn.) 389; 11 *Id.* 507; 11 Lea (Tenn.) 583, 47 Am. Rep. 312.

*Brooks, Hays & Martin,* for appellees.

1. There was a variance between the proof and the allegations of the complaint. In an action for defamation, whether oral or written, the words must be proved as charged. If allegations and proof do not correspond, there is a variance, and the plaintiff must fail. 13 Enc. Pl. & Pr. 62; 8 Enc. of Ev. 194.

2. A verdict should have been directed for the appellee, because it was shown that the article sued on had not been written, signed nor authorized by appellees or either of them, but that the article written and sent was a notice of expulsion from the lodge and was the action of the lodge. Proceedings of voluntary associations or societies are not actionable. 18 Am. & Eng. Enc. of L., 1035; 66 Am. Dec. 479; 15 Barb. (N. Y.) 105; 49 Am. Rep. 239; 13 Am. Dec. 431.

BATTLE, J. J. E. Horton sued I. C. Jackson, A. C. Thompson, and Milton Bridges for libelling him by the publication in a newspaper of the following notice:

"Notice is hereby given that by order of Zion Hill Local No. 680, John F. Whorton is hereby denounced as a traitor to the order, and that he is not worthy of the confidence or respect of any member of the order.

"Done by order of the Zion Hill Local No. 680, April 28, 1906. Other papers please copy.

"I. C. Jackson, Pres.

"Attest: A. C. Thompson, Sec.-Treas."

The defendants denied that they published or caused to be published the foregoing notice. The undisputed evidence in the case shows that they did not publish such notice or cause it to be published. But they did request the publication of the following notice:

"This is to certify that John E. Horton is expelled from

Zion Hill Local Union No. 680 for violation of his obligations and divulging secrets of the order. By order of Zion Hill Union No. 680, April 2, 1906.

"I. C. Jackson, Pres.

"Attest: A. C. Thompson, Sec.-Treas."

And in lieu thereof the first mentioned notice was published. In the last mentioned notice they stated that plaintiff had been expelled from a certain society for violation of his obligations and divulging secrets of the order. This was true. There was only one publication of the first notice, and none of the last.

The court refused to instruct the jury in the trial in the case at the request of the plaintiff as follows:

"You are instructed that a notice published in a paper is presumed to have been authorized by those whose names appear as subscribing to said notice. And if the defendants, Thompson and Jackson, discovered and read said notice above their respective signatures and did not correct the same in that same public manner as it originally appeared, they, the said Thompson and Jackson, will be held as ratifying the same, and are therefore as liable, if liable at all, as if they had authorized said notice to have been printed in the first instance."

The defendants recovered judgment, and the plaintiff appealed.

The two notices are entirely different and clearly distinct. To the publication of the first the defendants were not parties. When it was published, the wrong was complete, and the defendants inflicted no injury thereby, and did not thereafter add to the injury already done, and the last, being so entirely different, furnished no excuse for its publication. They had done no wrong by its publication. Why should they repair the wrong done thereby? That should be done by the parties responsible for its existence.

The court properly refused to instruct as the plaintiff requested. But appellant says if it was not correct, the court should have given one upon the same subject which was, and cites *Bruce* v. *State*, 71 Ark. 475, to support his contention. But that case, so far as it supports such contention, has been impliedly and is now expressly overruled. See *Snyder* v. *State*,

86 Ark. 456; *Allison* v. *State,* 74 Ark. 444; *Mabry* v. *State,* 80 Ark. 349.

Judgment affirmed.