## LUCIUS *v.* STATE.

### Opinion delivered October 12, 1914.

1. CRIMINAL LAW—DEFENDANT AS WITNESS—CREDIBILITY—QUESTION FOR JURY.—In a criminal prosecution the jury is the exclusive judge of the weight to be given to the testimony of the defendant, when he appears as a witness, and the jury may take into consideration the interest of the defendant witness, in the result of the verdict.

2. INSTRUCTIONS—PRACTICE IN CRIMINAL CASE.—In a criminal prosecution it is the defendant's duty to ask a correct instruction upon any phase of the case that he wishes presented to the jury, before he can complain of the ruling of the trial court in denying such a request.

3. LARCENY—PETIT LARCENY—INSTRUCTION.—It is not error to refuse an instruction on the issue of petit larceny, when the court read to the jury § 1826, of Kirby's Digest, which covered the issue of the value of the property stolen and the penalty.

Appeal from Desha Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*X. O. Pindall,* for appellant.

1.   The evidence does not support the verdict.   It is too unsatisfactory and indefinite as to the asportation; does no more than raise a suspicion, and is so completely lacking in convincing force as to a criminal intent, that the presumption of innocence stands undisturbed.   137 Ind. 474; 45 Am. St. Rep. 212; 85 Ark. 360; 91 Ark. 492; 100 Ark. 184; 96 Ark. 148.

2.   It was reversible error to refuse the instruction to the effect that the defendant was entitled to the same consideration as any other witness, and that the fact that he was the defendant charged with a crime did not alone impeach him.   Kirby's Dig., § 3088; 110 Ark. 226; 144 Mich. 17; 40 Cyc. 2259; 44 Me. 11; 13 Vt. 362; 21 U. S. 488; 46 Ark. 141; 56 Ark. 4; 58 Ark. 513; 58 Ark. 473; 66 Ark. 53; 62 Ark. 543; 207 Mass. 240; 20 Am. Cases, 1269.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1.   We think the evidence is sufficiently clear to show both the asportation and the criminal intent, and that the evidence is sufficient to sustain the verdict. 109 Ark. 130; *Id.* 135; 96 Ark. 400.

2.   The instruction requested by the defendant with reference to the consideration to be given to his testimony was not a correct declaration of the law, and he, therefore, can not complain of the court's ruling in refusing it.   62 Ark. 543; 69 Ark. 558; 78 Ark. 36; 74 Ark. 444; 87 Ark. 528; 91 Ark. 43; 95 Ark. 291; 97 Ark. 180.

HART, J., Appellant, R. L. Lucius, was indicted, tried before a jury, and convicted of the crime of grand larceny, charged to have been committed by stealing forty oak logs, the property of John Shadwell.   From the judgment of conviction he has duly prosecuted an appeal to this court.

It is contended by counsel for the appellant that the evidence is not sufficient to warrant his conviction.   He insists that the evidence goes no further than to raise

a suspicion of guilt. We can not agree with him in this contention. It is true the appellant testified positively that he did not take any of Shadwell's logs and introduced evidence tending to corroborate his testimony. He also introduced evidence to show that he was careful not to take any of Shadwell's logs and that, during the process of loading his own logs, he laid aside some logs there that belonged to Shadwell and said that he did not wish them loaded.

But in determining the guilt or innocence of the defendant the jury had a right to consider the testimony in its strongest probative force against appellant. Both the appellant and Shadwell hauled some logs to the station on the railroad to be shipped out. A negro named Ben Caraway hauled about 129 or 139 logs for Shadwell there and piled them in three piles. He says that he marked all the logs he hauled there for Shadwell "B. C." with blue keel.

Shadwell testified that the logs hauled for him by Caraway and marked "B. C." with blue keel scaled from 250 to 700 feet each. He said they were worth $12 per thousand and that the average value of each log was about $4.80. He did not help Caraway haul the logs but knows that there were about 129 logs there marked "B. C." with blue keel when he counted them.

Appellant shipped out some logs and in a few days Shadwell counted his logs again and found in the neighborhood of about forty of them missing. He stated that he did not give appellant permission to ship any of his logs.

Appellant admitted that he pointed out to his loaders what logs should be shipped. One of the witnesses testified that appellant told them to load all of the logs marked in pencil "J. L." Another witness said that he saw the defendant marking his logs with a pencil with the letters "J. L." and that he was marking one or two logs which had already been marked with the letters "B. C." with blue keel. It was also shown that five or six logs marked with blue keel with the letters "B. C."

and with pencil, "J. L.," were shipped out by the appellant. We think this testimony was sufficient to warrant the conviction of appellant.

It is insisted by his counsel that if he shipped out any logs marked with blue keel with the letters "B. C." it was done by mistake. The jury were the judges of the credibility of the witnesses and of the weight to be attached to their testimony. As we have already shown, the appellant himself admitted that he directed what logs should be shipped out. It was shown on the part of the State that he directed the loaders to load on the car all logs that were marked with a pencil "J. L.," and that five or six of the logs so marked were also marked "B. C." with blue keel. It was a question for the jury to say whether these logs were marked and shipped out by mistake or whether it was done under the direction of the appellant with the intent to steal them. It is true Shadwell only knew what logs had been delivered there for him through what Caraway told him. Caraway testified, however, that he did not mark any logs with the letters "B. C." with blue keel except those that he hauled there for Shadwell. It is not shown that any one else had logs there marked "B. C." with blue keel. As above stated, five or six logs so marked were loaded on the cars and shipped out by appellant. It may be, as argued by appellant, that Caraway marked logs with the letters "B. C." which did not belong to Shadwell, but there is nothing in the record to show that he did so. He testified positively that he only so marked logs which he hauled there for Shadwell. It does not appear from the record that any other logs were so marked except the ones Caraway hauled there for Shadwell.

Shadwell says his logs were worth $12 per thousand, and that the scale varies from 250 to 700 feet. If it is conceded that they scaled only 250 feet per log, five logs of this dimension would amount in value to more than $10, and there is no testimony in the record tending to show that they were worth less than the value placed upon them by Shadwell.

Again, it is contended by counsel for the appellant that the logs were piled so close together that if appellant shipped out any of Shadwell's logs he did so by mistake and not with the intent to steal them. The jury might have properly so found from his evidence, but they believed the testimony of the witnesses for the State and the testimony on the part of the State tends to show that the logs were piled in separate piles and that there was no occasion for the logs to have become so intermingled that appellant would have shipped out Shadwell's logs by mistake. Therefore we are of the opinion that there was some testimony of a substantial character to establish the guilt of the appellant, and under the settled rules of this court, we are not at liberty to disturb the verdict of the jury on appeal.

It is next contended by counsel for appellant that the court erred in refusing to give instruction No. 3, asked by the appellant. That instruction is as follows:

"The law lets the defendant become a witness on the same plane it lets any other witness testify. When he becomes one, he assumes no extra burden from the fact that he is the defendant, and stands charged with a crime. His credit is for the jury to determine, just as the credit of any other witness, and he is not to be suspected or discredited on the ground alone that he is the one accused. While the jury are not required to give his testimony any greater weight than any other witness, it goes with no less weight because of the fact that he is the defendant."

(1) The court properly refused to give the instruction. In the first place, it is argumentative and for that reason it was not error to refuse it. The instruction is otherwise erroneous. The jury were the exclusive judges of the weight to be given to the testimony of the defendant and in determining what weight should be given it, this court has held that the jury has a right to take into consideration the interest of the appellant in the result of the verdict. *Hamilton* v. *State,* 62 Ark. 543;

*Blair* v. *State,* 69 Ark. 558; *Weatherford* v. *State,* 78 Ark. 36.

(2)   The instruction, as requested by appellant, in effect, told the jury that they should receive the testimony of the appellant with no less weight because of the fact that he was a defendant in the case. This was in plain violation of the decisions which we have just cited. The jury, in considering his testimony and in determining what weight should be given it, had a right to take into consideration his interest in the result of the verdict and the instruction should have been so framed. Under our rules of practice it is well settled that it is appellant's duty to ask a correct instruction upon any phase of the case that he wishes presented to the jury before he can complain of the ruling of the trial court in denying such a request. *Allison* v. *State,* 74 Ark. 444; *Smith* v. *Weatherford,* 92 Ark. 6; *Holmes* v. *Bluff City Lumber Co.,* 97 Ark. 180; *Jackson* v. *State,* 92 Ark. 71, and cases there cited.

(3)   Finally it is contended by counsel for the defendant that the court erred in refusing to give the following instruction: "If it has developed to your satisfaction from the evidence that in this case the logs of Shadwell, if any of his are taken, do not amount in value to as much as ten dollars, or if you have reasonable doubt about their being of that value, even though you should find that what logs of Shadwell were taken were unlawfully and with criminal intent taken by defendant, you can not convict of a higher offense than that of petit larceny, and assess a fine against defendant in a sum not more than three hundred dollars nor less than ten dollars, and imprisonment in the county prison not more than one year."

The court read to the jury section 1826 of Kirby's Digest. That section is as follows: "Whoever shall be guilty of larceny, when the value of the property stolen exceeds the sum of ten dollars, shall be punished by imprisonment in the penitentiary not less than one nor more than five years. And when the value of the prop-

erty stolen does not exceed the sum of ten dollars, by imprisonment in the county prison not more than one year, and shall be fined in any sum not less than ten nor more than three hundred dollars.''

By a comparison of the section read with the instruction refused, it will be noted that every advantage the defendant could have derived from the giving of the instruction asked he obtained by the reading to the jury of section 1826 of the digest.

The court in other instructions had fully instructed the jury on the question of reasonable doubt and the section of the digest quoted plainly told the jury that if the value of the property stolen did not exceed the sum of ten dollars the defendant could only be punished by imprisonment in the county prison and by fine.

The judgment will be affirmed.