ATKINSON *v.* STATE.

Opinion delivered March 18, 1918.

1. PERJURY—SUFFICIENCY OF INDICTMENT.—An indictment charging perjury held sufficient where it is apparent from reading the indictment that the testimony alleged to have been false, taken in connection with the allegation as to its falsity, by clear and necessary implication shows what must have been the truth of the matter, and is sufficiently definite and certain to have apprised the defendant of the charges against which he ought to prepare his defense.

2. PERJURY—INDICTMENT.—It is not a valid objection to an indictment that it embraces in a single count all of the particulars in which the defendant is alleged to have sworn falsely. Several assignments of perjury may be embraced in one count, and all the several particulars in which the accused swore falsely may be embraced in one count, and proof of falsity of any one or more of the assignments will justify a conviction.

3. PERJURY—INDICTMENT—"KNOWINGLY."—An indictment charging perjury alleged that the testimony was "wilfully and corruptly" false. *Held,* this term included "knowingly."

4. PERJURY—SUFFICIENCY OF THE EVIDENCE.—The evidence held sufficient to warrant a conviction for perjury.

5. APPEAL AND ERROR—DUTY TO GIVE INSTRUCTIONS.—It is not the duty of the court to give an instruction upon any point unless a correct instruction upon that point is asked.

6. PERJURY—CORROBORATION.—In a prosecution for perjury no corroboration is required as to venue or the time when the offense was committed. The only corroboration required is as to the testimony on the various assignments of perjury.

Appeal from Miller Circuit Court; *George R. Haynie,* Judge; affirmed.

*D. L. King,* for appellant.

1. The indictment is neither direct nor certain. It does not negative the charge nor tell who plaintiff and

defendant were. It does not charge that the testimony was knowingly false.

2. It was error to refuse instructions Nos. 1 and 2. There were seven charges and only one witness and he was not corroborated by any testimony. 53 Ark. 395; 119 *Id.* 408.

. 3. The verdict is not sustained by the evidence.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The indictment is good under the statute.

2. Instruction No. 1 was properly refused. It is too general and besides there was corroboration. 91 Ark. 505; 53 *Id.* 395.

3. There is no error in the instructions given. 88 Ark. 115; 99 *Id.* 629.

HART, J. J. E. Atkinson prosecutes this appeal to reverse the judgment of conviction against him for perjury. It is contended by him that the court erred in not sustaining a demurrer to the indictment. The indictment is as follows:

"The grand jury of Miller county, in the name and by the authority of the State of Arkansas, on oath, accuse the defendant, J. E. Atkinson, of the crime of perjury, committed as follows, to-wit: The said defendant, on the 26th day of November, 1917, in Miller county, Arkansas, on his examination as a witness, in the circuit court of said county, to testify the truth, the whole truth and nothing but the truth, on the trial of a civil action then and there pending in said court, between J. E. Atkinson, guardian, as plaintiff, and the Merchants and Planters Bank as defendant; the said clerk then and there having lawful authority to administer such oath, unlawfully, feloniously, wilfully, falsely and corruptly did state and testify under oath that he did not, on the 10th day of March, 1915, go to L. Jean Cook's office and get L. Jean Cook to draw a check for him on the Merchants and Planters Bank for six hundred and ninety-five and 70-

100 dollars; that he did not, on the 10th day of March, 1915, present said check to the said Merchants and Planters Bank of Texarkana; that said bank did not refuse to pay said check; that he did not, on the 11th day of March, 1915, return to the office of said L. Jean Cook, and request him to change said check to six hundred, seventy- and 95-100 dollars; that he did not present said check to F. W. Offenhauser to be by him countersigned; that he did not present said check to the said Merchants and Planters Bank for payment; and that said check was not paid by said bank; that he did not on that day return to the office of said L. Jean Cook and pay him the sum of fifteen dollars; that he did not, on March 11th, 1915, pay to W. T. Murphy the sum of five hundred, eighty-five and 85-100 dollars; that he did not sign the said check; that the Merchants and Planters Bank of Texarkana was then indebted to him as guardian in the sum of six hundred, seventy and 95/100 dollars; that he did not, on the 10th or 11th day of March, 1915, get any money out the said Merchants and Planters Bank; that he paid said W. T. Murphy the sum of five hundred, eighty-five and 85-100 dollars in the fall out of the crop; that the matters so testified to, being then and there material in the trial of said action in said court, and the said testimony being then and there wilfully and corruptly false, against the peace and dignity of the State of Arkansas.''

It is contended that the indictment is defective because there was only a general denial that the assignments of perjury were false. Counsel relies upon the rule at common law that it was absolutely necessary, in an indictment for perjury, to make direct and specific allegations negating the truth of the alleged false testimony, by setting forth the true facts by way of antithesis, and that a mere general allegation that the testimony was false was not sufficient. We have a statute simplifying the form of indictments for perjury. Section 1970 of Kirby's Digest reads as follows:

''In indictments for perjury, it shall be sufficient to set forth the substance of the offense charged, and by

what court or before whom the oath or affirmation was taken, averring such court or person to have competent authority to administer the same, together with the proper averments to falsify the matter wherein the perjury is charged or assigned, without setting forth any part of the record, proceeding or process either in law or equity, or any commission or authority of the court or person before whom the perjury was committed, or the form of oath or affirmation, or the manner administering the same.''

In the construction of this statute the court has held that when the negation of the truthfulness of the testimony set out in the assignments, in itself shows the truth, the indictment need not affirmatively show what the truth was. *Loudermilk* v. *State,* 110 Ark. 549.

(1) It is apparent from reading the indictment in the case that the testimony alleged to have been false taken in connection with the allegation as to its falsity, by clear and necessary implication shows what must have been the truth of the matter and was sufficiently definite and certain to have apprised the defendant of the charges against which he ought to prepare his defense.

(2) It is not a valid objection to the indictment that it embraces in a single count all of the particulars in which the defendant is alleged to have sworn falsely. The various assignments of perjury in the indictment all relate to the same transaction. It is well settled that in such cases several assignments of perjury may be contained in one count in the indictment, and that all the several particulars in which the accused swore falsely may be embraced in one count, and proof of falsity of any one or more of the assignments will justify a conviction. Bishop's New Criminal Procedure, 2nd. Ed. Vol. 3, Sec. 934; Wharton's Criminal Evidence, 10th Ed. Vol. 1 Sec. 131; 30 Cyc. p. 1439; *State* v. *Bordeaux,* 93 N. C. 560; *State* v. *Taylor* (Supreme Court of Missouri), 100 S. W. 41; *Commonwealth* v. *Johns,* 6 Gray (Mass.), 274; and *State* v. *Bishop,* 1st D. Chipman (Vt.), 120.

(3)   It is also insisted that the indictment is defective because it does not allege that the testimony was knowingly false. The indictment alleges that it was ''wilfully and corruptly'' false. This includes ''knowingly,'' for the testimony could not have been ''wilfully and corruptly'' false without being ''knowingly'' false.

(4)   The evidence is legally sufficient to support the verdict. It appears from the record that J. E. Atkinson, as guardian, instituted an action in the Miller circuit court against the Merchants and Planters Bank of Texarkana, Arkansas, to recover $670.95, the balance alleged to be due him by the bank. The defense of the bank was that it had already paid him the amount ·sued for. The theory of the plaintiff in that suit was that the check upon which the bank based its defense was a forgery. It seems that a check was drawn upon the bank in favor of W. T. Murphy or bearer, for $670.95. The check was dated March 10th, 1915, and purported to have been signed by J. E. Atkinson and Mrs. J. E. Atkinson and countersigned by F. W. Offenhauser. The official court stenographer testified that he reported the civil case of J. E. Atkinson, as guardian, against the Merchants and Planters Bank, which was tried in the Miller circuit court and in which a verdict was returned in favor of the defendant; that the testimony of J. E. Atkinson as transcribed by him shows that Atkinson testified that he never at any time, gave to W. T. Murphy a check for $670.95; that he did not either on March 10th or March 11th, 1915, get any money out of the Merchants and Planters Bank; that he did not on either of these dates pay W. T. Murphy five hundred and odd dollars; he did not pay L. Jean Cook $15.00; that he paid Murphy during that fall out of his crop; that he did not on March 10th, go to L. Jean Cook's office and have him write a check to Murphy for any amount; that he did not take a check to Offenhauser and have him countersign it.

The attorney for the bank testified that he heard the defendant swear in the civil case that he did not sign the check to Murphy for $670.95 and that he did not pay

Murphy any money at the time said check bore date. L. Jean Cook testified that he was a lawyer and drew the check, which was handed to him, on the typewriter; that he originally drew a check on the bank in favor of Murphy for $695.70; that this was done at the request of the defendant; that later the defendant came back and asked him to draw a check for $670.95, as he only had that amount in the bank; that he did so and identified the check which had been paid by the bank as the one he had prepared for the defendant.

Offenhauser testified that he was on the bond of Atkinson, as guardian, and that it was customary where he was on bonds to countersign the checks given by the person whose bond he had signed; that Atkinson signed the check and presented it to him for his signature; that he thinks that Cook was with Atkinson when he presented the check. Cook stated that he was not with Atkinson at that time.

The vice president of the bank testified that the check was presented to the bank and paid by it on March 11th, 1915; that the check was for $670.95; that it was payable to Murphy, or bearer, and that there is no record of the person to whom it was paid. The witness examined the signature of J. E. Atkinson and Mrs. J. E. Atkinson to the check and compared them with their admittedly genuine signatures to other checks and stated that in his opinion they had signed the check in question.

W. T. Murphy testified that the check in question was not turned over to him; that on March 11th, 1915, the defendant paid him $588.85 in money but did not state where he got it.

L. Jean Cook also testified that on March 11th, 1915, Atkinson paid him $15.00. The clerk of the circuit court testified that Atkinson was duly sworn in the trial of the civil case.

It will be noted that all of the above testimony tends to establish a series of connected facts all relating to the same transaction. The principal facts were that on March 10th, 1915, J. E. Atkinson, as guardian, drew a

check for $670.95 in favor of W. T. Murphy on the Merchants and Planters Bank at Texarkana; that the check was countersigned by his wife and by one of the bondsmen on his bond as guardian; that on the next day he presented this check to the bank and it was paid to him. These principal facts were testified to by different witnesses and were so linked together that the testimony of these witnesses corroborated each other.

The defendant did not testify in the case. He sought to recover judgment in the civil case on the ground that the check in question was a forgery. The facts that we have just stated then were material in the trial of the civil case. All the facts relate to the same transaction and as we have already seen, if the evidence sustained one or more of the assignments, it is not necessary that the State should prove all of the charges. Thus it will be seen that the State was only required to prove by two witnesses or by one witness and corroborative evidence of one or more of the assignments of perjury. The fact that the plaintiff signed the check and presented it to the bank for payment and received the money thereon was established by various witnesses whose testimony tended to corroborate each other.

It is next insisted by counsel for the defendant that the court erred in refusing to give the following instruction:

"You are instructed that you cannot convict upon the uncorroborated facts of any one witness."

(5-6) There was no error in refusing this instruction. It was too general. Under it the jury would have been required to have found that the testimony in regard to every fact in the case necessary to convict must have been corroborated. This was not required. No corroboration was required as to the venue of the case or as to the time when the offense was committed. The only corroboration that was required was as to the testimony on the various assignments of perjury. The instruction asked by the defendant should have been limited to this issue and on that account there was no error in refusing it. It

is well settled that it is not the duty of the court to give an instruction on any point unless a correct instruction on that point is asked. *Allison* v. *State,* 74 Ark. 444; *Horton* v. *Jackson,* 87 Ark. 528; *Lucius* v. *State,* 116 Ark. 260.

We find no reversible error in the record and the judgment will be affirmed.