PATE *v.* STATE.

4329                                            177 S. W. 2d 933

Opinion delivered January 31, 1944.

694

*Roy Gean,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

ROBINS, J. Appellant was found guilty by a jury of the crime of maiming and from judgment of the lower court, sentencing him to imprisonment in the penitentiary for four years, he prosecutes this appeal.

The evidence disclosed that appellant, a taxicab driver in Fort Smith, was engaged by Willie Bryant and Frank Crockett, two soldiers at Camp Chaffee, to drive them with two young ladies to the home of the young ladies. The soldiers took the young ladies to their residence, then re-embarked in the cab and were driven back to the business district. A dispute as to the proper fare for the trip arose between the appellant and his two passengers. To settle the dispute, it was agreed that appellant would take the soldiers, who had been drinking, to the cab station, where inquiry as to the proper amount of fare was to be made. At the cab station the parties continued the quarrel which culminated when appellant, who had left his cab, walked back to it, reached in the seat, took therefrom a blackjack, or, as claimed by appellant, a piece of rubber hose, and struck Bryant on the

head with this instrument. The blow landed in the region of Bryant's left eye, which was badly injured. As a result of this blow it was necessary to remove the eye.

There is a dispute in the testimony as to what occurred immediately before Bryant received the injury. According to Crockett, Bryant had not made any attack on appellant, but was merely arguing that the $2 cab fare demanded by appellant was too much, and "Nothing passed between them at all—he (appellant) just went around and got the weapon and came around and hit the boy without any provocation." Bryant's version of the difficulty was practically the same as Crockett's. He denied that he struck or struck at appellant before or after he received the blow. He testified that he was unarmed, and did not realize that appellant was about to strike him until appellant drew back; that the instrument with which he was injured was a blackjack "plaited like leather.".

Appellant testified that the soldiers were drunk and that Bryant, whose weight was over 200 pounds, as compared to appellant's weight of 154, struck him first, and that appellant, after getting loose from Bryant, ran back to his cab, found Bryant standing there, reached in the cab, obtained the piece of rubber hose and struck him with it. Appellant testified: "Q. Why didn't you run away from him? A. It is not right; I had a right to protect myself. Q. Why didn't you run from him? A. I didn't think it was right to run from him. Q. Did he hit you while you were bent over getting this thing out of the cab? A. No, sir."

Appellant's testimony as to the difficulty was in some respects corroborated by that of Carter, another cab driver, who testified: "This big soldier, he was pretty drunk, and he struck Jimmy, and that is when Jimmy reached in and got the billy club." But, when shown the rubber hose, identified by appellant as the weapon used by him, and asked if it was the instrument used, Carter said, "I don't believe it was."

Many grounds for reversal of the judgment are urged. We will discuss those chiefly relied upon by appellant.

## I.

The difficulty out of which the alleged offense involved herein arose occurred on May 1, 1943. Appellant was immediately arrested and a charge of maiming made against him in the municipal court. This proceeding was abandoned and on June 8 information was filed by the prosecuting attorney against appellant in the circuit court and the case set for trial on June 14. Request for postponement on account of inability of counsel for appellant to prepare for trial because of other engagements was denied, and a motion for continuance on the ground of the absence of Cranfield, said to be a material and indispensable witness for appellant, was overruled. But Cranfield's testimony, as set forth in the motion for continuance, would have been merely cumulative to that of appellant's witness, Carter. The absence of a witness whose testimony would have been cumulative is not grounds for continuance. *Sneed* v. *State,* 47 Ark. 180, 1 S. W. 68; *Hamer* v. *State,* 104 Ark. 606, 150 S. W. 142; *Hazel* v. *State,* 174 Ark. 1078, 298 S. W. 357.

We have frequently held that the matter of granting a request for a postponement or continuance was one calling for the exercise of sound discretion by the trial court and that this court will not interfere in the exercise of that discretion in the absence of a showing that in denying the postponement or continuance the lower court acted arbitrarily and to the prejudice of appellant. *Gallaher* v. *State,* 78 Ark. 299, 95 S. W. 463; *Kilgore* v. *State,* 99 Ark. 648, 137 S. W. 1092; *Joiner* v. *State,* 113 Ark. 112, 167 S. W. 492. The record here fails to show any such arbitrary action by the lower court and we cannot say that the denial of the postponement and continuance was error.

## II.

It is urged by appellant that the lower court should have granted his motion for a peremptory instruction

for a verdict of not guilty, because the evidence failed to disclose any intent to commit the crime charged. The testimony on behalf of the state tended to establish that appellant, without justification, struck Bryant in the neighborhood of his left eye with a blackjack, and that by reason of this blow his eye.was severely injured and had to be removed. "Malice in law may be inferred from the absence of any just cause or excuse for the doing of an act which has caused injury to another." 34 Am. Jur., 685. Men are presumed to intend the reasonable and natural consequences of their acts. *Howard* v. *State,* 34 Ark. 433; *Hankins* v. *State,* 103 Ark. 28, 145 S. W. 524; *Rhine* v. *State,* 184 Ark. 220, 42 S. W. 2d 8. The jury had a right to assume from the proof as to the weapon used, the location of the injury and the lack of provocation or justification for the act that the maiming of Bryant was done maliciously and intentionally.

## III.

Appellant complains that the trial court erred in not granting his request for an instruction on aggravated assault and assault and battery, because these misdemeanors were included in the crime of maiming charged in the information. The record as to this request is as follows: "Mr. Gean: 'I ask the court to instruct the jury on aggravated assault and assault and battery.' The court refused this request and the defendant excepted. Counsel did not submit written requests." Counsel for appellant did submit numerous written instructions which the court was requested to give.

Mr. Justice HART, speaking for the court, in the case of *Atkinson* v. *State,* 133 Ark. 341, 202 S. W. 709, said: "It is well settled that it is not the duty of the court to give an instruction on any point unless a correct instruction on that point is asked. *Allison* v. *State,* 74 Ark. 444, 86 S. W. 409; *Horton* v. *Jackson,* 87 Ark. 528, 113 S. W. 45; *Lucius* v. *State,* 116 Ark. 260, 170 S. W. 1016."

In the case of *Lowmack* v. *State,* 178 Ark. 928, 12 S. W. 2d 909, it was held (headnote 6): "Where accused desired an instruction on a particular issue not covered

by the instructions given, he should request a correct instruction thereon.''

Appellant, if he desired an instruction of this kind, should have submitted to the court an instruction as to aggravated assault and assault and battery setting forth a proper statement of the law in that particular, and, not having done this, he cannot complain of the court's failure to give such instruction.

## IV.

Appellant urges that the lower court erred in refusing to grant a new trial on the ground of newly discovered testimony. The substance of appellant's motion for new trial was that appellant discovered after the trial that Bob Staton would have given material testimony in appellant's behalf had he been called as a witness. Staton, the superintendent of the cab company with which appellant was associated, was subpoenaed as a witness for the state, but not put on the witness stand.

Before a new trial may be granted on the ground of newly discovered testimony it must be shown that diligence to discover such testimony was exercised by the party seeking the new trial. *Ward* v. *State,* 85 Ark. 179, 107 S. W. 677; *Hawthorne* v. *State,* 135 Ark. 247, 204 S. W. 841; *Reed* v. *State,* 175 Ark. 1170, 299 S. W. 757. Appellant was acquainted with Staton, and must have known that he was in attendance on court. No reason for failure on the part of appellant to discover Staton's knowledge about the difficulty is shown. Appellant therefore failed to meet the burden of showing diligence in this respect imposed on him by the law.

Other assignments of error, not necessary in our opinion to review in detail, are made by appellant. We have carefully considered all these assignments and do not find any of them well founded.

No error appearing, the judgment of the lower court is affirmed.