McCUISTION *v.* STATE.

4516

213 S. W. 2d 619

Opinion delivered October 4, 1948.

*Ras Priest,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice. Appellants, Lloyd E. and L. C. McCuistion, are brothers. They were charged by information with murder in the first degree in the killing of Johnny Denton on the night of September 28, 1947. Appellants were charged and tried jointly and each found guilty of murder in the second degree. The jury fixed the punishment of Lloyd E. McCuistion at 15 years, and L. C. McCuistion at five years, in the penitentiary.

The motion for new trial contains five assignments of error. The first four relate to the sufficiency of the evidence to support the verdicts and the fifth alleges the verdicts were excessive. Present counsel for appellants, who was not connected with the trial in circuit court, candidly admits that the motion of appellants for an

instructed verdict of not guilty at the conclusion of the testimony, based on the alleged insufficiency of the evidence, was without merit.

The evidence on behalf of the State discloses that appellant, Lloyd E. McCuistion, Johnny Denton, deceased, and several others engaged in a poker game at a cabin on Horseshoe Lake on the night in question. During the game, Lloyd E. McCuistion and another player engaged in a drunken altercation in which McCuistion was the aggressor. The fight was later renewed outside the cabin and deceased, Johnny Denton, became involved in the affray for a short time. McCuistion was severely beaten about the face. Denton and four other players then left the scene in his automobile and drove to Shoffner and other places.

After leaving the cabin, appellant, Lloyd E. McCuistion, borrowed a shotgun from a neighbor and enlisted the assistance of his younger brother, L. C. McCuistion, who also obtained his shotgun. They then entered an automobile driven by another brother in search of Johnny Denton. After making inquiry at several places, they overtook and stopped in front of the Denton car, which also stopped. Appellants then walked to the driver's side of the Denton car where appellant, L. C. McCuistion, opened the door and pulled Denton from under the steering wheel and each of the appellants shot Denton as he lay with his left foot under the clutch pedal of the automobile and his head and arms on the ground. There were no weapons in the car or on the body of deceased and either shot would have proved fatal. Appellants offered no testimony to dispute that offered by the State, which was sufficient to sustain a verdict for murder in the first degree.

For reversal of the judgment, counsel for appellants insists that the court committed reversible error in failing to instruct the jury on voluntary manslaughter. This contention cannot be sustained. It is true there was no instruction given on voluntary manslaughter, but none such was requested by appellants. On the contrary, counsel for appellants specifically requested the trial court to

limit the instructions to the charge of first degree murder only, which request was overruled. Since appellants did not request an instruction submitting the issue of manslaughter to the jury, they cannot now complain of omission of the court to do so. *Graves* v. *State,* 155 Ark. 30, 243 S. W. 855; *Guerin* v. *State,* 155 Ark. 50, 243 S. W. 968; *Martin* v. *State,* 189 Ark. 408, 72 S. W. 2d 539. Other cases which have approved the rule that it is not the duty of the court to give an instruction on any point which an appellant desires to present to the jury unless he asks a correct instruction thereon are *Allison* v. *State,* 74 Ark. 444, 86 S. W. 409; *Jackson* v. *State,* 92 Ark. 71, 122 S. W. 101; *Lucius* v. *State,* 116 Ark. 260, 170 S. W. 1016; *Atkinson* v. *State,* 133 Ark. 341, 202 S. W. 709; *Lowmack* v. *State,* 178 Ark. 928, 12 S. W. 2d 909; *Pate* v. *State,* 206 Ark. 693, 177 S. W. 2d 933; *Cooley* v. *State, ante,* p. 503, 211 S. W. 2d 114.

The fifth assignment of error, that the verdicts were excessive, is likewise without merit. Since we conclude that the evidence was sufficient to sustain verdicts for a higher degree of homicide than that found by the jury, the punishment assessed, being within the limitations fixed by statute (§ 2979, Pope's Digest), cannot be said to be excessive. *Rogers* v. *State,* 136 Ark. 161, 206 S. W. 152; *Jutson and Winters* v. *State, ante,* p. 193, 209 S. W. 2d 681, and cases there cited.

The record is free from reversible error, and the judgment is affirmed.