## SMITH *v.* STATE.

Opinion delivered March 4, 1905.

1. CONFESSION—BURDEN OF PROOF.—The burden is on the State to prove that a confession offered in evidence is voluntary and free from improper influence, and is not traceable to undue influence previously exerted either by promise, by threats or by violence. (Page 399.)

2. SAME—PRESUMPTION.—When once a confession was obtained under improper influence, the presumption arises that a subsequent confession of the same crime flows from that influence; but the presumption may be overcome by positive evidence that the subsequent confession was given free from undue influence.   (Page 399.)

3. ACCUSED AS WITNESS—IMPEACHMENT.—Where a defendant in a criminal case becomes a witness in his own behalf, his credibility may be impeached by proof of a former conviction of an infamous crime. (Page 400.)

Appeal from Phillips Circuit Court.

HANCE N. HUTTON, Judge.

Affirmed.

*W. G. Dimmig,* for appellant.

If the original confession was made under illegal influence, it will be presumed that all subsequent confessions are colored by it.   22 Ark. 336; 69 Ark. 599; 6 Am. & Eng. Enc. Law (2d Ed.), 542; 3 Rice, Ev. 499.

*Robert L. Rogers, Attorney General,* for appellee.

McCULLOCH, J.  Appellant was convicted of the crime of burglary, the only proof connecting him with the commission of the offence being his own confession, and it is argued in his behalf that the confession was extorted from him by threats and physical violence.  He was arrested by a police officer in the city of Helena, where the offense is alleged to have been committed, and confined in the city prision for one day, and then taken to the county jail.  He testified that the police officer who arrested him whipped him severely, and extorted a confession from him.  This is not denied, and must therefore be taken as true.  The prosecution did not, however, introduce testimony to establish the alleged confession made to the police officer, but proved a confession made to the sheriff and jailer the following day, while confined in the county jail.

The sheriff testified that appellant sent for him, and confessed having committed the crime; that the confession was free and voluntary, and that no promises or threats were made to appellant to induce him to confess, and that no violence was offered or inflicted.  In this he was fully corroborated by the jailer, who also testified to the confession and all the circumstances under which it was made.  The sheriff said: "I told him

that I would not promise him anything; that he should not be whipped while in jail unless for disturbance or disobedience of orders; and he told me the reason he wanted to tell this was because there were three others in all, and he wanted to get them all punished the same as he." Appellant testified that the confession in jail was extorted from him by the sheriff, jailer and chief of police, by having him severely whipped; but this is denied by each of those officers, and the trial judge found that his testimony was not true, and admitted the confession in the evidence.

In *Corley* v. *State,* 50 Ark. 305, Chief Justice Cockrill, speaking for the court, said: "Whether or not a confession is voluntary is a mixed question of law and fact, to be determined by the court. It is the duty of the trial judge to decide the facts upon which the admissibility of the evidence depends, and his finding is conclusive on appeal, as it is in other cases where he discharges the function of a jury. *Runnells* v. *State,* 28 Ark. 121; 1 Greenleaf, Ev. § 219. The conclusion to be drawn from the facts is a question of law, and is reviewable by the appellate court. If the confession is fairly traceable to the prohibited influence, the trial judge should exclude it, and his failure to do so is error for which the judgment may be reversed."

The converse of the doctrine thus stated, therefore, is that if the confession is voluntary and free from any improper influence, and is not traceable to any prohibited influence previously exerted either by promise made by way of inducement or by threats or violence, then it is admissible. The burden to show this is upon the State. When once a confession under improper influence is obtained, the presumption arises that a subsequent confession of the same crime flows from that influence (*Love* v. *State,* 22 Ark. 336); but this presumption may be overcome by positive proof showing that the subsequent confession was given free from that or any other such influence. 1 Greenleaf, Ev. § 221; *Maples* v. *State,* 3 Heisk. 408; *Jackson* v. *State,* 39 Ohio St. 37; *State* v. *Carr,* 37 Vt. 191; *Simmons* v. *State.* 61 Miss. 258; *State* v. *Guild,* 10 N. J. L. 180.

The proof in this case showed not only that, at the time the confession put in evidence was made, no inducement therefor was given, but that the officers to whom the confession was made,

by an assurance to the accused dispelling any fears of further violence, removed the former inducement, and fully warranted the court in finding that the confession was entirely free and voluntary. No error, therefore, was committed in admitting it.

It is further urged by appellant that the court erred in admitting in evidence the record of his former conviction of petit larceny. When a defendant in a criminal case becomes a witness in his own behalf, he is subject to impeachment, like any other witness. *McCoy* v. *State,* 46 Ark. 141; *Lee* v. *State,* 56 Ark. 7; *Holder* v. *State,* 58 Ark. 473. The statute making a defendant in a criminal case a competent witness in his own behalf removes the common-law disqualification arising from infamy (*Ransom* v. *State,* 49 Ark. 176); but the fact of his conviction of the infamous crime can be used to affect his credibility, the same as against any other witness. *Werner* v. *State,* 44 Ark. 122; 1 Greenleaf, Ev. § 461*b*.

We find no error, and the judgment is affirmed.