YOUNGER v. STATE.

Opinion delivered October 16, 1911.

1. EVIDENCE—CHARACTER OF ACCUSED.—In a criminal prosecution the State can not prove the bad reputation of the accused as a circumstance from which to infer his guilt. (Page 324.)

2. WITNESS—IMPEACHMENT OF ACCUSED.—Unless the defendant in a criminal case puts in evidence his good character, the State has no right to impeach him by proving his bad reputation. (Page 324.)

3.  SAME—IMPEACHMENT OF ACCUSED ON CROSS EXAMINATION.—Where
    one accused of crime takes the witness stand in his own behalf, he
    becomes subject to impeachment as any other witness, and may be
    asked on cross examination, whether he had not been convicted of
    petit larceny, and whether he had not been confined in the penitentiary.
    (Page 324.)
4.  SAME—IMPEACHMENT OF ACCUSED.—Where the accused takes the wit-
    ness stand in his own behalf, the State may impeach his credibility
    as a witness by proof that his general reputation for truth or morality
    is bad; but the court should direct the jury that evidence of his bad
    character could only be  considered as affecting his credibility as a
    witness.   (Page 324.)

Appeal from Pope Circuit Court;   *Hugh Basham,* Judge;
reversed.

*Brooks, Hays & Martin, J. A. Gillette* and *J. T. Bullock,*
for appellant.

1.  That it was error, prejudicial to the defendant, to
admit testimony showing that he had been arrested in Ok-
lahoma on a warrant for horse stealing and had resisted being
brought back to this State on that charge, is elementary.

2.  It was also error, for which the case should be reversed,
to allow a remark of the prosecuting attorney at the conclusion
of the examination of a witness whose testimony was favorable
to the defendant, as follows:  "I do not believe a word of it,"
to stand with the mild statement by the court, when objection
was raised, that "that remark will be withdrawn."   71 Ark.
415;  70 Ark. 305;  77 Ark. 19;  72 Ark. 427;  *Id.* 461;  *Id.* 139;
74 Ark. 210;  65 Ark. 389;  76 Ark. 366.

3.  It was clearly prejudicial to permit the State to ask
the defendant on cross examination if he had not been dodging
officers for violations for the past two or three years, if he had
not been convicted and served a term in the penitentiary,
if he had not been convicted of petit larceny, etc., and to
permit the State to put in issue the general reputation of the
defendant, and to introduce witnesses to prove that his repu-
tation was bad.   In the light of this testimony, it was reversible
error for the court to refuse to charge the jury that the bad
reputation of the defendant could not be considered for any
purpose except as to his credibility as a witness, and that they
could not convict of this offense on proof that he had com-
mitted some other crime.   69 Ark. 648;  16 Ark. 308;  70 Ark.
610;  74 Ark. 489;  88 Ark. 237;  37 Ark. 264;  39 Ark. 278;  73
Ark. 262;  68 Ark. 577; 91 Ark. 559.

*Hal L. Norwood*, Attorney General, and *William H. Rector*, Assistant, for appellee.

1. The error, if any, in the improper remark of the prosecuting attorney when the witness was leaving the witness stand was cured by the court's admonition: "That remark will be withdrawn." This court has said: "It is safe to credit the jury with average intelligence." 66 Ark. 16. See also 76 Ark. 39; 88 Ark. 62; 94 Ark. 514; *Id.* 548; 71 Ark. 62; 74 Ark. 256; 95 Ark. 321; 65 Ark. 475; 67 Ark. 365; 93 Ark. 156; 91 Ark. 576.

2. If there was error in allowing the State to prove that appellant was arrested in Oklahoma upon another charge, it was waived by appellant because on direct examination he admitted the facts which the State had already proved by other witnesses.

3. Under the instructions given, which were fair and accurate, the jury could not have convicted appellant unless the evidence had shown beyond a reasonable doubt that he was guilty of this crime. The court was justified in refusing to give the instruction requested by appellant. If he had been an ordinary witness, the jury would not have been entitled to his testimony, 67 Ark. 278, and any instruction which the court might have refused to give touching his credibility could not be complained of. The same rule ought to apply where the witness is the defendant himself, although because of that fact (49 Ark. 176,) his testimony may go to the jury. His conviction, admitted by himself, may be used to affect his credibility. 74 Ark. 397; 44 Ark. 122; 58 Ark. 473; Kirby's Dig. § 3138, as amended by act 52, Acts 1905.

WOOD, J. The appellant was convicted of the crime of an assault with intent to rape. There was testimony on behalf of the State sufficient to sustain the verdict. The testimony of appellant tended to show that he was not guilty.

Over the objection of appellant, the State was allowed to prove that appellant was arrested in Oklahoma upon a charge of grand larceny, and that he refused to return to Arkansas to answer this charge without a requisition. The prosecuting attorney was permitted, over appellant's objection, to ask appellant on cross examination: "Have you not been dodging the officers of the law for violations for the past two or three years? Have you not been convicted and served a

term in the penitentiary? Have you and another fellow here been convicted of petit larceny in the last six months? Where did you do most of your work? Did you do any of it in the penitentiary of Arkansas?"

The State, over the objection of appellant, was permitted to show that appellant's general reputation for truth and morality was bad.

The court refused the following prayer of appellant for instruction: "The bad reputation of the defendant shall not be considered by you for any purpose except as to his credibility as a witness; you can not convict of assault with intent to rape on proof that he is or has been guilty of some other offense." Exceptions were duly saved to these rulings, and they are among the grounds in the motion for new trial.

In *Ware* v. *State*, 91 Ark. 555, we said: "It is uniformly held that the prosecution can not resort to the bad character of accused as a circumstance from which to infer guilt. This doctrine is founded upon the wise policy of avoiding the unfair prejudice and unjust condemnation which such evidence might induce in the minds of the jury. If such should be admitted, the defendant might be overwhelmed by prejudice, instead of being tried upon the evidence affirmatively showing his guilt of the offense with which he is charged."

Appellant did not put in evidence his good character. Therefore, the State had no right, by way of contradiction, to show his bad character.

Appellant, however, having taken the witness stand in his own behalf, was subject to all the rules of examination and impeachment as any other witness. Therefore to test his credibility the State had the right on cross examination to ask the witness if he had not been convicted of petit larceny, and if he had not been confined in the penitentiary. *Werner* v. *State*, 44 Ark. 122; *Holder* v. *State*, 58 Ark. 473; *Smith* v. *State*, 74 Ark. 397; section 3138, Kirby's Dig.. as amended by Acts 1905, c. 52.

The State also, for the purpose of impeaching appellant as a witness, had the right to show that his general reputation for truth or morality was bad. But the court should have specifically directed the jury that the evidence of the bad character of appellant could only be considered by them as affecting

the question of his credibility as a witness. The evidence as to the guilt of appellant was conflicting, and the failure of the court to give appellant's prayer for instruction above-mentioned was error prejudicial to him, for which the judgment is reversed, and the cause is remanded for new trial.