## HUNT *v.* STATE.

### Opinion delivered September 28, 1914.

1. ASSAULT WITH INTENT TO RAPE—DEFENSE—IMPOTENCY.—Mere impotency on account of failing powers from old age is no defense to the crime of assault with intent to rape.

2. ASSAULT WITH INTENT TO RAPE—CRIME OF.—The essence of the crime of assault with intent to rape is the violence done to the person and feelings of the injured female.

3. WITNESSES—CROSS-EXAMINATION—CREDIBILITY. — Kirby's Digest, § 3138, as amended by Act No. 52, 1905, providing for the manner of impeaching witnesses has no application to the cross-examination. of a witness for the purpose of testing his credibility.

4. CRIMINAL LAW—DEFENDANT AS WITNESS—CROSS-EXAMINATION—CREDIBILITY.—The defendant in a criminal prosecution, when he takes the witness stand, places himself in the attitude of any other witness, and he may be interrogated concerning specific acts of his own for the purpose of testing his credibility.

5. CRIMINAL LAW—DEFENDANT AS WITNESS—CREDIBILITY—FORMER CONVICTION.—Where the defendant in a criminal prosecution offers himself as a witness, on cross-examination it is improper to ask him concerning an indictment or accusation against himself, but for the purpose of testing his credibility he may be asked about a judgment of conviction.

Appeal from Greene Circuit Court, Second Division; *W. J. Driver,* Judge; affirmed.

*Lamb & Caraway,* for appellant.

1.  The court erred in its charge to the jury defining the crime of assault with intent to commit rape, in omitting from such definition the necessary element of pres-

ent ability to commit the offense. Under the rule prevailing in this State, there can be no assault without, first, an attempt, and, second, present ability to carry the attempt into effect. Kirby's Dig., § 1583; *Id.*, § 2009.

The crime of rape can not be committed by one not legally or physically able to commit the offense. Where one is impotent, either as a presumption of law because of his youth, or because of some permanent or temporary disability, can not, during the existence of such disability, be guilty of rape. 1 Wharton's Crim. Law (9 ed.), § 552; 2 Bishop's New Crim. Law, § 1116.    .

In jurisdictions where an assault is defined to be an attempt, coupled with "present ability" to commit the offense, an impotent man can not be convicted of the crime of assault with intent to commit rape. 49 Ark. 179; 77 Ark. 37; 38 N. W. (Dak.) 440-442, 443; 18 Ala. 521; 1 Wharton, Crim. Law (9 ed.), § 552; 51 Pac. (Utah) 818.

2. . The court erred in requiring appellant to testify with reference to his arrest and conviction in Randolph County. Kirby's Dig., § 3138; 70 Ark. 272; *Id.* 107; 79 Ark. 347; 100 Ark. 199; 103 Ark. 28; 78 Ark. 284.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1.    Impotency is a defense against a charge of committed rape, but it is not a defense where the charge is assault with intent to commit rape. 2 Pick. (Mass.) 380; 127 Ia. 689; 32 Ind. 220; 38 N. W. 440; 2 Bishop, New Crim. Law, § § 737, 738.

2.    There was no error in requiring appellant to testify in reference to his arrest and conviction in Randolph County. He had testified in his own behalf, and, on cross-examination, the State had the right to inquire into his arrest and conviction. 100 Ark. 199-202.

McCULLOCH, C. J. This is an appeal from the judgment of conviction of the crime of assault with intent to commit rape. Appellant was seventy-four years of age at the time the crime was alleged to have been com-

mitted, and the accusation is that the assault was made upon a young woman in the city of Paragould.

The testimony is conflicting, but is sufficient to warrant the finding that he made the assault with intent to have carnal knowledge of said female forcibly and against her will.

The evidence of the injured female is that she resisted successfully, and that the appellant finally desisted before the consummation of the enforced act of intercourse.

Appellant's testimony tended to show that on account of his extreme age and failing powers, he had lost all desire for sexual intercourse, and was physically unable to consummate such an act. In the trial of the case, his attorney asked the court to give an instruction to the jury to the effect that the offense was not complete unless the accused was capable of consummating the act of intercourse—in other words, that impotency was a defense to the charge of assault with intent to commit rape.

Our statute defines an assault as "an unlawful attempt, coupled with present ability to commit a violent injury on the person of another." Kirby's Digest, § 1583. That definition has been applied by this court in determining the essential elements of the crime of assault to commit murder, the court holding that "both the intention and the ability to commit a battery are necessary to constitute an assault." *Pratt* v. *State,* 49 Ark. 179.

Professor Wharton, in his work on Criminal Law (eleventh edition, Vol. 1, § 690), lays down the rule broadly that impotency is a sufficient defense to an indictment for the consummated crime of rape, though not for an assault with intent to rape.

In another part of the same volume (section 223), he says: "If there be juridical incapacity for the consummated offense (*e. g.* infancy), there can be no conviction of the attempt; and, therefore, a boy under fourteen can not, according to the prevalent opinion, be convicted of an attempt to commit a rape, as principal in the first degree. It is otherwise when the incapacity is merely ner-

vous or physical. A man may fail in consummating a rape from some nervous or physical incapacity intervening between attempt and execution. But this failure would be no defense to the indictment for the attempt. At the same time there must be apparent capacity."

Mr. Bishop also lays down the rule that impotency is no defense to the charge of assault with intent to commit rape.

(1-2) The decisions on this subject are neither abundant nor clear, but we are convinced that the rule stated above by the learned text writers is the sound one, and that mere impotency on account of failing powers from old age is no defense to the crime of assault with intent to rape. The essence of the crime is the violence done to the person and feelings of the injured female. Complete consummation of the act of sexual intercourse is not essential even to the crime of rape; a partial penetration, without emission, being sufficient to make that crime. It follows, therefore, that the crime of assault with intent to commit a rape may be complete even though the perpetrator lacks physical vigor to consummate the act.

Appellant testified in his own behalf, and on cross-examination, counsel for the State drew out the fact that several years ago appellant had been convicted of a similar offense, alleged to have been committed on the person of another woman, and sought to draw out from him an admission that he had committed the offense. Appellant admitted that he had been so convicted, but denied that he was guilty of the charge. Objection was made to this line of examination, and an exception was duly saved, and is now pressed as grounds for reversal.

Counsel for appellant rely upon the statute of this State (Kirby's Digest, § 3138, as amended by the Act No. 52, of 1905, p. 143), which declares that "A witness may be impeached by the party against whom he is produced, by contradictory evidence by showing that he has made statements different from his present testimony, or by evidence that his general reputation for truth or morality

render him unworthy of belief, but not by evidence of particular wrongful acts, except that it may be shown, by the examination of a witness, or record of a judgment, that he had been convicted of a felony.''

(3-4-5) That statute has no application to the cross-examination of a witness for the purpose of testing his credibility. On the contrary, it has been held that the defendant in a criminal prosecution, when he takes the witness stand, places himself in the attitude of any other witness, and that he may be interrogated concerning specific acts of his own for the purpose of testing his credibility. *Hollingsworth* v. *State,* 53 Ark. 387. He can not be asked about a mere accusation or indictment (*Benton* v. *State,* 78 Ark. 284), but for the purpose of testing his credibility, he may be asked about a judgment of conviction. *Vance* v. *State,* 70 Ark. 272. Such matters are collateral to the issue and affect only the credibility of the accused as a witness, but are nevertheless competent for that purpose.

We are therefore of the opinion that there is no error in the record; and as the evidence was legally sufficient to sustain the conviction, the judgment must be affirmed.

It is so ordered.