·KYLES *v.* STATE.

Opinion delivered April 12, 1920..

1. INDICTMENT AND INFORMATION—ABSENCE OF ALLEGATION OF PARTICULAR SALE.—Where the indictment did not charge, and the State did not elect to rely upon, a sale to any particular person, a sale of intoxicants by defendant to any one in the county within three years prior to the indictment will support a conviction.

2. INTOXICATING LIQUORS—SALE—EVIDENCE.—Evidence *held* to sustain a conviction of selling liquor unlawfully.

3. WITNESSES—IMPEACHMENT ON CROSS-EXAMINATION.—The credibility of witnesses may be tested on cross-examination by eliciting specific acts of an immoral nature. For example, a witness may be cross-examined as to whether he had not been convicted of shooting craps with negroes.

4. CRIMINAL LAW—FAILURE TO INSTRUCT—NECESSITY OF REQUEST.—Where it was brought out on cross-examination of defendant and his witness that they had been convicted of crap shooting with negroes, defendant can not complain because the court failed to limit the application thereof to the credibility of such witnesses if he failed to ask for such an instruction.

Appeal from Little River Circuit Court; *James S. Steel,* Judge; affirmed.

No brief for appellant.

*John D. Arbuckle,* Attorney General, and *J. B. Webster,* Assistant, for appellee.

1. The evidence is sufficient to sustain the conviction. This court will not reverse where there is any substantial evidence upon which to base the verdict of the jury.

2. When appellant took the stand for himself he was subject to all the rules of examination and impeachment as any other witness, and the prosecuting attorney

had the right to test his credibility as a witness by asking him on cross-examination whether or not he had been convicted of shooting craps.   100 Ark. 324; 99 *Id*. 615.

3.   While appellant was entitled to an instruction to the effect that evidence relative to his conviction for shooting craps should only be considered by the jury for the purpose of testing his credibility as a witness, yet he did not ask for a proper instruction and can not now complain.   114 Ark. 409.

HUMPHREYS, J.   Appellant was indicted, tried and convicted in the Little River Circuit Court, for the crime of unlawfully and feloniously selling intoxicating liquor, and his punishment therefor fixed at one year in the State penitentiary.

From the judgment of conviction, an appeal has been duly prosecuted to this court.

Appellant has not favored us with a brief in support of alleged errors in the proceedings, presented by his motion for a new trial.

The first assignment of error is that the verdict was contrary to the law.   The indictment did not charge, and the prosecuting attorney did not elect to state, a sale to any particular person.   It was therefore proper for the court to charge that a sale of whiskey by appellant to anyone in Little River County, within three years before the finding of the indictment, would warrant a conviction and punishment therefor at one year in the State penitentiary.   This was the substance of the charge, and the verdict was not, therefore, contrary to the law as declared by the court.

The second assignment of error was that the evidence was insufficient to support the verdict of the jury.   The indictment charged a sale, on or about the 14th day of May, 1919.   Wylie James testified, in substance, that early in the month of May, 1919, on Sunday, at Ves Chism's home, where a crap game was being played, appellant gave him a drink of whiskey, stating at the time that he (witness) was a "pretty good negro; I (appel-

lant) will give you a drink, but I am selling it at thirty-
five cents a drink;" that, at the time he gave witness a
drink, he was carrying a pint bottle of whiskey in his
hip pocket and gave it to him in a little cup or glass; that,
on Friday night before this occurrence, appellant gave
him a pint of whiskey for showing him a near way to the
island; that, several days after he was given the pint
and drink, appellant sold him a pint of whiskey on the
road between his (witness') home and Roy Benton's
home in said county, for $5. There was other evidence
that whiskey was sold at Ves Chism's home at the time
the crap game was going on, on Sunday, early in May,
1919. While the evidence of appellant tended to show
that he did not sell any intoxicating liquor in said county
within three years next before the finding of the indict-
ment, the evidence detailed above was sufficient to sup-
port the verdict.

During the progress of the trial, appellant took the
witness stand in his own behalf, and introduced R. B.
Grice, who gave testimony favorable to him. On the
cross-examination, both were asked, and required to tes-
tify, over the objection and exception of appellant, that
they had been convicted of shooting craps with negroes.
The court did not instruct that the evidence relative to
these convictions should only be considered by the jury
for the purpose of testing their credibility as witnesses.
The admission of this evidence and the omission of the
court to instruct that it could only be considered by the
jury for testing the credibility of witnesses are assigned
as error. The credibility of witnesses may be tested on
cross-examination by eliciting specific acts of an im-
moral nature. *McAlister* v. *State,* 99 Ark. 604; *Younger*
v. *State,* 100 Ark. 321. While appellant was entitled to
an instruction that the evidence elicited on the cross-
examination of himself and his witness, Grice, in relation
to convictions for playing craps should only be consid-
ered by the jury for the purpose of testing the credibility
of each, he is not in a position to complain. It was his
privilege to ask the court for a proper instruction in

this regard. Not having exercised that privilege, he is estopped to complain of the error. This court said, in the case of *Price* v. *State,* 114 Ark. 398 (quoting the ninth syllabus): "Although a defendant in a prosecution for homicide is entitled to an instruction on a certain issue, he cannot complain of the court's failure to give an instruction on that issue where he failed to ask a correct instruction on the same."

The motion for a new trial contains no other assignments of error, and, no reversible error appearing in the proceedings, the judgment is affirmed.