HAYS *v.* STATE.

4660                                           241 S. W. 2d 266

Opinion delivered July 9, 1951.

*J. B. Dodds,* for appellant.

*Ike Murry,* Attorney General, and *Arnold Adams,* Assistant Attorney General, for appellee.

HOLT, J. A jury convicted appellant, Fred Hays, of involuntary manslaughter and assessed his punishment at a term of two years in the State Penitentiary. From the judgment is this appeal.

For reversal, appellant alleged (1) that the evidence was not sufficient to support the verdict, and (2) that "the court failed to instruct the jury generally on matters of law." Both of these contentions are without merit.

(1)

A number of Negroes, including Buster Jordan, had gathered at appellant's home for the purpose of gambling with dice. A dispute arose between appellant and Jordan and Jordan left and in about five or ten minutes returned with a loaded shotgun. He knocked on appellant's door and appellant's wife admitted him.

Witness, John Hodges, testified that when Jordan came in, he said: "I came back to kill Fred (appellant),

but I done changed my mind now," that he handed his gun to Fred's wife who deposited it in another room, that Jordan "leaned against the furniture and he and Fred started a conversation." Fred was standing in a closet (or bathroom) at the time, that Fred said: " 'Did you really mean to kill me, Buster?' and he said, 'Yes, I did, but I changed my mind and I am ready to have some fun.' Q. Had Fred raised the gun and pointed it at Buster? A. Yes, but he put it back down. Q. When Fred said that, he again raised the gun and pointed it at Buster? A. Yes, sir. Q. What did Fred say? A. I don't remember him saying nothing—he shot."

Shortly thereafter, Buster died as a result of the gunshot wound inflicted by appellant.

Without detailing more of the testimony, we hold that it was substantial and amply warranted the jury's verdict.

(2)

The record reflects that there were no objections or exceptions to any of the instructions given by the court. It is only fair to say, however, that appellant's attorney here did not participate in the trial of the case below.

Upon a review of all the instructions, it appears that the court fully and clearly declared the applicable law to the case.

The jury was correctly instructed on the various degrees of homicide,—murder in the first degree, murder in the second degree, and manslaughter. The court also clearly defined and explained to the jury the law of self defense and when it may be exercised.

However, as indicated, the record reflects that there were no objections or exceptions to any of the instructions given on the trial, therefore, appellant cannot now complain of any alleged errors. " 'It is well settled that it is not the duty of the court to give an instruction on any point unless a correct instruction on that point is asked. *Allison* v. *State,* 74 Ark. 444, 86 S. W. 409; *Horton* v. *Jackson,* 87 Ark. 528, 113 S. W. 45; *Lucius* v. *State,* 116 Ark. 260, 170 S. W. 1016.'

"In the case of *Lowmack* v. *State,* 178 Ark. 928, 12 S. W. 2d 909, it was held (headnote 6) : 'Where accused desired an instruction on a particular issue not covered by the instructions given, he should request a correct instruction thereon.' " *Pate* v. *State,* 206 Ark. 693, 177 S. W. 2d 933. See *Cellars* v. *State,* 214 Ark. 326, 216 S. W. 2d 47.

Appellant also argues that the trial court erred in permitting counsel for the State to elicit from appellant admissions on cross-examination that he had been convicted of various misdemeanors, gambling, immorality, drinking in a public place, and possessing untaxed liquor.

Under proper instructions, this testimony was allowed to go to the jury solely as to the effect it might have on appellant's credibility as a witness. This was proper.

"Neither was error committed by the court in permitting appellant to be asked, on cross-examination, while testifying in his own behalf, if he had not been convicted for disturbing the peace. *Turner* v. *State,* 100 Ark. 199, 139 S. W. 1124; *Hunt* v. *State,* 114 Ark. 239, 169 S. W. 773, L. R. A. 1915B. 131; *Lowmack* v. *State,* 178 Ark. 928, 12 S. W. 2d 909, and "There was testimony also that appellant had been fined for the commission of certain misdemeanors, one for drunken driving. This testimony was admitted and limited to the consideration of appellant's veracity as a witness, and was admissible for that purpose. *Lowmack* v. *State,* 178 Ark. 928, 12 S. W. 2d 909; *Shinn* v. *State,* 150 Ark. 215, 234 S. W. 636; *Smith* v. *State,* 74 Ark. 397, 85 S. W. 1123; *Younger* v. *State,* 100 Ark. 321, 140 S. W. 139;" *Black* v. *State,* 215 Ark. 618, 222 S. W. 2d 816.

Finding no error, the judgment is affirmed.