KERBY v. STATE.

4993                                   342 S. W. 2d 412

Opinion delivered January 23, 1961.

[Rehearing denied February 20, 1961]

Martin, Dodds & Kidd, for appellant.

Bruce Bennett, Attorney General, by Ancil M. Reed, Asst. Attorney General, for appellee.

GEORGE ROSE SMITH, J.   The appellant was tried upon three counts of obtaining money by false pretenses.   Ark. Stats. 1947, § 41-1901.   The State charged that the accused, in order to sell stock in the United Standard Corporation, had made false statements to W. H. Flood, Howard Norton, and W. R. and Cora Bowling.   The jury found the defendant guilty and sentenced him to serve three years in the penitentiary.

Kerby first questions the sufficiency of the evidence to support a finding of the requisite intent to defraud, but we consider the proof to be sufficient.

The appellant, after having engaged in the fire insurance business for half a century, began selling corporate stock at the age of seventy.   In this venture he was working for James M. Dees, who had been an officer in one of the insurance companies that Kerby had represented.   Kerby received from Dees a sales kit that included pamphlets and prospectuses about United Standard and its affiliated companies.   The purchasers referred to in the information testified that Kerby, in selling the stock for cash, falsely represented that United Standard owned an aluminum plant in southeast Arkansas, that the company controlled a new process for the installation of airport runways, that the value

of the stock would increase fivefold within a year, and that the purchasers' money would be refunded if $100,-000 worth of the stock should not be sold.

Kerby disclaimed any firsthand knowledge about the affairs of the corporation, and it is accordingly argued that the State failed to prove that he knew his representations to be untrue. We think, however, that from the testimony as a whole the jury were entitled to draw an inference that Kerby was aware of the falsity of his statements. On the witness stand Kerby denied having made some of the representations attributed to him and insisted that he merely repeated information disclosed by his sales kit. The pamphlets and prospectuses were introduced in evidence. They do not contain the false statements about which the defrauded purchasers testified. Despite Kerby's denials the jury could have concluded that the false statements were made, and since they were not borne out by the contents of the sales kit the jury were justified in believing that the misrepresentations were not innocently made. Apparently the jury reasoned that the accused had fabricated the false assertions, and it cannot be said that the record is devoid of substantial proof to sustain that conclusion.

The appellant's second contention is that the court erred in permitting the prosecution to prove Kerby's misrepresentations about matters relating solely to the future, such as the statement that the stock would increase in value within a year. It is conceded that the record contains sufficient evidence of misstatements of existing facts to support a conviction, but the appellant insists that the references to future events should have been excluded altogether.

This contention is not sound. It is true that misrepresentations relating solely to the future do not constitute an offense. *Conner* v. *State*, 137 Ark. 123, 206 S. W. 747. It does not follow, however, that such proof must be excluded from the jury's consideration if it is otherwise relevant. Here the testimony was rele-

vant, as it assisted the jury in understanding all the circumstances surrounding the sale of the stock. As we said in *Baker* v. *State,* 4 Ark. 56: "All the authorities concur, that the intention and design of the party are best explained by a complete view of every part of his conduct at the time, and not merely from the proof of a single and isolated act or declaration." In its charge to the jury the court adequately protected Kerby's rights by an instruction which explained that the false representations "must be representations of the existence of some fact or facts."

A third contention is that the court erred in permitting the prosecution to prove that Kerby had made substantially similar false representations in the course of selling United Standard stock to other residents of the county. Cases such as *Moore* v. *State,* 227 Ark. 544, 299 S. W. 2d 838, and *Alford* v. *State,* 223 Ark. 330, 266 S. W. 2d 804, are cited for the general rule that the State cannot prove the commission of one crime by proof of the commission of another.

The cases cited are readily distinguishable from the case at bar. The *Alford* case, for instance, involved a charge of rape. The prosecutrix testified that the accused forcibly overcame her resistance and ravished her. If that testimony was true there was plainly no real question about the defendant's intent, and consequently we held that the State could not, under the guise of proving intent, introduce evidence that the accused had upon a different occasion attempted to rape another woman.

On the other hand, in the case at hand Kerby's actual subjective intent was of controlling importance. Guilty knowledge is an essential element of the crime, for Kerby would have committed no offense if he believed his statements to be true. In such circumstances proof of other similar conduct, not too remote in time, is admissible to aid the jury in determining the intent of the accused. "So, when it is material to show that a given act was done with a fraudulent intention, as,.

for example, in a prosecution for obtaining goods by false pretenses, other disconnected false pretenses in which the presence of fraud is recognized may be proved solely to show the intent. To illustrate: Where the accused had used a fraudulent abstract of title to induce one to sell him goods in exchange for real estate, it may be shown that the accused had on the same day employed the same means to induce another person to sell him goods." Underhill, Criminal Evidence, (5th Ed.), § 208. We applied the principle in *Myers v. Martin*, 168 Ark. 1028, 272 S. W. 856, which, although a civil case, is basically similar to the present case. There in a purchaser's action to recover damages sustained in the purchase of certain bank stock as a result of the seller's fraudulent representations it was held that the plaintiff could introduce proof to show that the defendant had made like misrepresentations in selling shares of the same stock to others. "It tended to show a motive and a general scheme to induce people to invest in the stock of the bank."

Finally, the appellant complains of an instruction by which the jury were told that the accused's intent might be inferred from any or all of the facts or circumstances "as shown by the testimony adduced in the case." It is argued that the instruction should have mentioned documents and other evidence not falling within the definition of "testimony." This asserted defect was not called to the court's attention by a specific objection, however, and we do not find the instruction to be inherently erroneous either upon this ground or upon the other grounds that are argued in the brief.

Affirmed.

ROBINSON, J., dissents.

ROBINSON, J., dissenting. I dissent for the reason I do not think there is any substantial evidence in the record going to prove that Mr. Kerby intended to defraud anybody. He is over 70 years of age and had been engaged in the insurance business for more than 50 years. From the record it is clear that he knew no more about cor-

porate stocks than the people to whom he was selling the stock. They were all dealing at arm's length, and even though he may have made some statements about what the company owned and what it intended to do in the future, there is nothing to indicate that he did this with the intention of defrauding anyone. In my opinion the case should be reversed and dismissed, and I certainly think it is one where the Governor should give this man some relief.