EDENS v. STATE.

5026                                                   359 S. W. 2d 432

Opinion delivered May 28, 1962.

[Rehearing denied September 10, 1962.]

*Gus Camp,* for appellant.

*J. Frank Holt,* Attorney General, for appellee.

Ed. F. McFaddin, Associate Justice.   Arnold Edens was convicted of the crime of obtaining property by false pretense (§ 41-1901 Ark. Stats.); and he prosecutes this appeal. The record is voluminous, and the motion for new trial contains sixty-five assignments, all of which are presented in the appellant's brief and have been studied. We group and discuss them.

I.   *Preliminary Matters.* A number of assignments relate to such preliminary matters as the signature on the information, a bill of particulars, endorsing the names of the witnesses on the information, motion for continuance, amount of bail, etc., etc.; but we find no merit in any of these. The Prosecuting Attorney signed and filed an amended information which gave the defendant all the particulars that the law requires. Copies of certain exhibits were furnished the defendant, and the list of State witnesses was given to him. The defendant was not entitled to receive copies of the statements that the Prosecuting Attorney had obtained from the various witnesses for the State, as this was a part of the Prosecuting Attorney's work papers. Furthermore, we have held that the Discovery Statute (Act No. 335 of 1953) does not apply to criminal cases. *Bailey* v. *State,* 227 Ark. 889, 302 S. W. 2d 796. The Trial Court did not abuse its discretion in the rulings on any of these so-called preliminary matters.

II.   *Jurors.* The appellant claims several errors as to method of calling jurors, making up the panel, etc., etc.; but we find no error. The only matter meriting

discussion is the claim that the Court erred in holding that Mr. Woolard was qualified; but we consider any error in this ruling to be harmless because of the condition of the record. Woolard had served as a juror within the previous two years and such service made him ineligible to serve at the time of this trial. (Act No. 205 of 1951, as now found in § 39-225 Ark. Stats. The Court held that such disqualification of Woolard could be waived by Woolard's failure to claim such privilege.[1] We think the two-year disqualification under Act No. 205 of 1951 is mandatory, and not something that the individual juror can waive. But the Court's ruling as to the juror, Woolard, constituted harmless error. The record shows that the appellant excused Mr. Woolard by exercising one of the defendant's eight peremptory challenges allowed by statute (§ 43-1922 Ark. Stats.); and we fail to find in the record that appellant was forced to be tried by any disqualified juror.

III. *Sufficiency Of The Evidence.* On appeal, we must view the evidence in the light most favorable to the jury verdict. (*Eddington* v. *State,* 225 Ark. 929, 286 S. W. 2d 473; and *Carnal* v. *State,* 234 Ark. 1050, 356 S. W. 2d 651.) So viewing it, the State proved the following facts now to be recited: John W. Recker and Raymond Recker owned certain lands in Lawrence County on which was located a rice dryer of the approximate value of $100,000.00. In accordance with a previous contract, the Recker brothers on September 3, 1958, joined with their wives and executed a warranty deed to the United Enterprises, a corporation organized and dominated by the appellant, Arnold Edens. This deed was executed and delivered in Edens' office in Paragould, upon his representation to the Reckers that he had for them investment certificates in the "Investor's Mutual, Inc.", a company which Edens said he represented. Edens exhibited to the Reckers two certificates for shares in "Investor's Mutual, Inc." One

---

[1] As regards jurors over 65 years of age being allowed to be excused from jury service, that is a personal privilege which the juror can waive (§ 39-104 Ark. Stats.); and, here, no juror over 65 years of age claimed his personal privilege to be excused.

was Certificate No. 22392055 to J. W. Recker and Exa Recker, his wife; and the other was certificate No. 22392054 to Raymond Recker and Myrtle Recker, his wife. But Edens told the Reckers that "Investor's Mutual, Inc." had issued the certificates for twice as many shares or interests as the Reckers were entitled to receive, and that he would return the certificates to "Investor's Mutual, Inc." for reissuance for the correct number of shares or interests, and the corrected certificates would be delivered. Edens signed and gave to the Reckers a receipt which read: "Sept. 3, 1958. Received from John W. Recker & Exa A. Recker, No Cash — Dollars — Cert. No. 22392055 5056:00 Investors Mutual. (Signed) Arnold E. Edens, Zone Mgr. 5311, Investors Diversified Services, Inc."

The Reckers never received any certificate of any kind for shares or interests in Investor's Mutual, Inc.; and it was testified by an auditor for Investor's Mutual, Inc. that the Company had never issued a certificate with numbers like those on Edens' receipt, and that the Company had never issued certificates like those which Edens exhibited to the Reckers. In short, the certificates exhibited by Edens to the Reckers were forgeries.

The evidence already detailed, if believed, would establish that Edens obtained the deed from the Reckers on September 3, 1958 by representing and exhibiting to them two papers which he said were valid certificates, but which were in fact forgeries, and void and of no value. It was further testified that Edens never returned the deed to the Reckers. Three of our more recent cases, involving this false pretense statute, are *Anderson v. State,* 226 Ark. 498, 290 S. W. 2d 846; *Karr v. State,* 227 Ark. 777, 301 S. W. 2d 442; and *Kerby v. State,* 233 Ark. 454, 342 S. W. 2d 412. In accordance with the rules of these and other cases, we conclude that the evi-

dence was sufficient to support a conviction under § 41-1901 Ark. Stats.,[2] which reads:

*"Obtaining personal property by false pretense. Penalty.* Every person who with intent to defraud or cheat another, shall designedly by color of any false token or writing, or by any other false pretense, obtain a signature of any person to any written instrument, or obtain from any person any money, personal property, right of action, or other valuable thing or effects whatever, upon conviction thereof, shall be deemed guilty of larceny, and punished accordingly."

Edens claimed that all of this September 1958 deed and certificate matter was done by him merely to favor the Reckers in their income tax problems with the United States Government; that the United Enterprises, Inc. held John W. Recker's note for $413,000.00; that in 1959 the corporation did in fact receive a deed conveying the rice dryer property; and that the United Enterprises then duly credited the Recker note with $100,000.00. John W. Recker denied that he had ever signed any such note for $413,000.00; and that became a disputed issue in the case. But such explanation by Edens was a matter for the jury to decide. The jury chose to believe the Reckers' version of the transaction; and we must conclude that the evidence is sufficient to sustain the verdict of conviction.

IV. *Rulings As To Evidence.* A large number of appellant's assignments relate to the Court's rulings as to admitting or excluding evidence, form of questions, etc., etc. We have carefully examined all of these assignments and find no reversible error. We mention only a few. Assignment No. 16 relates to the refusal of the Court to permit the appellant to question the prosecuting witness, John Recker, pertaining to his relationships with the United Enterprises. When the Court

2 The statute was amended by Act No. 111 of 1959; but the date of the offense here charged was September 3, 1958; and we have a statute which provides that the subsequent repeal of a statutory offense does not affect the prosecution under the law as it existed at the time of the offense. (§ 1-104 Ark. Stats.)

originally refused this cross-examination, the appellant made an offer to prove what the witness would testify. Later, in the course of the trial, John Recker was recalled and was then cross-examined as to moneys received from United Enterprises, the use of a telephone credit card, the insurance on his airplane, and various other matters which were in the previous offer of proof. Therefore, the appellant finally obtained his claimed right of cross-examination, and the first ruling was overcome.

Assignments 49, 50, and 51 relate to questions that the Prosecuting Attorney asked the defendant when he was on the witness stand. The Prosecuting Attorney inquired: ''I will ask you, going to your credibility, if you did not defraud Mrs. Kelly Winfred Recker, a woman 72 years of age, out of $7,000.00.'' Similar questions were asked concerning three other persons. In each instance the defendant answered that he did not defraud such named person; and that ended the inquiry. We find no error committed in the Court's rulings in these matters. When a defendant takes the witness stand in his own behalf in a criminal trial, he submits himself to correct questions that may be asked him on cross-examination to test his credibility. *Hunt* v. *State*, 114 Ark. 239, 169 S. W. 773; and *Castle* v. *State*, 229 Ark. 478, 316 S. W. 2d 701. The questions here propounded went to the credibility of the witness. But when the defendant answered in the negative the inquiry stopped, and there was no effort to impeach him on these answers. So no error was committed in these matters.

Assignment 53 in the motion for new trial relates to the ruling of the court in permitting the State to introduce character witnesses to support the reputation of the prosecuting witnesses. This occurred in the State's rebuttal. Assuming without deciding that the character and reputation of these witnesses had not been put in issue, nevertheless, a careful study of the record fails to disclose any objection or exception made by the defendant to the testimony of any of these character wit-

nesses. So there are no exceptions on which to base these assignments.

V. *Ruling On The Motion For New Trial.* In the motion for new trial, the defendant, *inter alia,* sought to bring in the testimony of Mr. Linton Godown, a handwriting expert of Memphis, Tennessee, to show that the witness John W. Recker had in fact signed the note for $413,000.00 to the United Enterprises. The Trial Court overruled the motion for new trial and the appellant claims that reversible error was thereby committed. We see no error in this regard because the testimony of Mr. Godown to support the motion for new trial was cumulative of the evidence that the defendant had offered on this same point in the trial in chief. Many pages in the record in the trial in chief are concerned with the testimony as to whether John W. Recker signed the $413,00.00 note. What was said in *Sellers* v. *Harvey,* 220 Ark. 541, 249 S. W. 2d 120, is entirely apropos here:

"This court has consistently applied the following rules in considering an application for a new trial on the ground of newly discovered evidence under the seventh sub-division of Ark. Stats., § 27-1901: First, the testimony must have been discovered since the trial; second, it must appear that the new testimony could not have been obtained with reasonable diligence on the former trial; third, it must be material to the issue; fourth, it must go to the merits of the case, and not to impeach the character of a former witness; fifth, it must not be cumulative. *John Robins* v. *Absalom Fowler,* 2 Ark. 133; *Mo. Pac. Transportation Co.* v. *Simon,* 200 Ark. 430, 140 S. W. 2d 129.

"Another settled rule is that the motion is addressed to the sound discretion of the court and this court will not reverse for failure to grant it unless an abuse of such discretion is shown. *Forsgren* v. *Massey,* 185 Ark. 90, 46 S. W. 2d 20."

VI. *Other Assignments.* As heretofore stated, the motion for new trial contains 65 assignments. To dis-

cuss each of them would unduly prolong this opinion. It is sufficient to say that we have carefully studied all of them, and find none to possess merit.

Affirmed.

WARD, J., not participating.